Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

Vaughn Perret
Charles Leary
Trout Point Lodge Limited
VERSUS                                          CAUSE NO. 14-0197

Douglas Handshoe

CLERK'S NOTICE OF FILING OF FOREIGN JUDGMENT

COMES NOW Judgment Creditor, Vaughn Perret, Charles Leary & Trout Point Lodge Limited and files this its' Notice of filing Foreign Judgment as follows:

1. The name and address of the Judgment Creditor is Vaughn Perret, Charles Leary & Trout Point Lodge Limited

2. The name and address of the Judgment Creditor's Attorney in the State of Mississippi is M. Judith Barnett - 1911 Dunbarton Dr. Jackson, MS. 39216

3. A true and accurate copy of the Judgment in favor of Vaughn Perret, Charles Leary & Trout Point Lodge Limited is attached; and

4. The name and address of the Judgment Debtor is: Douglas Handshoe 214 Corinth Dr. Bay St. Louis, MS. 39520

This the 2nd day of June 2014.

Karen Ladner Ruhr
Circuit Clerk
Hancock County, Ms

By _____ D.C.

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

VAUGHN PERRET
CHARLES LEARY
TROUT POINT LODGE LIMITED                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO.: 14-0197

DOUGLAS HANDSHOE                                              DEFENDANT

## PETITION TO ENROLL FOREIGN JUDGMENT

COME NOW the Plaintiffs and file this their *Petition to Enroll Foreign Judgment* by and through the undersigned counsel and in support thereof would show unto the Court the following, to-wit:

1.

Vaughn Perret and Charles Leary are actual adult bona fide residents of Nova Scotia and are the principles in Trout Point Lodge Limited, a Nova Scotia company existing by virtue of the laws of Nova Scotia.

Douglas Handshoe is an actual adult bona fide resident citizen of Hancock County and may be served with process of this Court at 214 Corinth Drive, Bay St. Louis, MS 39520 or wherever he may be found.

2.

That on or about February 26, 2014, the Supreme Court of Nova Scotia entered an Order finding that the Defendant, Douglas Handshoe was found liable for copyright infringement under the Canada Copyright Act to the Plaintiffs as follows:

> THAT the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Charles Leary;

**THAT** the Defendant Douglas K. Handshoe pay the sum of forty thousand Canadian dollars ($40,000) in statutory damages to Trout Point Lodge, Ltd.;

**THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Vaughn Perret;

**THAT** the Defendant Douglas K. Handshoe pay all of the Plaintiffs the sum of one hundred thousand Canadian dollars ($100,000) in punitive damages.

A copy of same is attached hereto and made a part hereof as if fully copied in words and figures.

3.

Mr. Handshoe was personally served and was present for this hearing and is and was aware of his financial responsibility yet he has chosen not to satisfy the judgement nor make any attempt to satisfy this judgment.

4.

This Judgment rendered by the Nova Scotia Supreme Court is protected by and should be enforced under the comity between the United States of America and Canada along with various treaties and agreements such as the Berne Convention for the Protection of Literary and Artistic Works and NAFTA.

5.

Our Supreme Court has held and opined that holding foreign decrees enforceable unless contrary to Mississippi public policy . *Laskosky v. Laskosky,* 450 So. 726 (Miss. 1987). The Judgment is being entered under the Articles of Congress which is attached hereto and made a part hereof as if fully copied in words in figures. The Articles of Congress give credence to the validity of the Judgment and its enforceability under Full Faith and Credit.

6.

This Court should immediately enroll this Judgment on the Judgment Books of Hancock

County, Mississippi where the Defendant holds property. This Court should also set a time certain for the Plaintiffs to conduct a Mississippi Rule of Civil Procedure 69 post judgment creditor examination in the Courthouse at a time when the Circuit Court Judge is available to intervene should problems arise.

**WHEREFORE, PREMISES CONSIDERED** this Honorable Court should receive and file the *Petition to Enroll Foreign Judgment* and to let process issue upon the Defendant giving him twenty (20) days within which to respond and upon a hearing on the merits enroll the foreign judgment and set a date for the MRCP 69.

**RESPECTFULLY SUBMITTED**, this the _____ day of May, 2014.

                              VAUGHN PERRET
                              CHARLES LEARY
                              TROUT PONT LODGE LIMITED

                        BY:   _____
                              M. JUDITH BARNETT, THEIR ATTORNEY

**M. JUDITH BARNETT (MSB #99766)**
**M. JUDITH BARNETT, P.A.**
1911 Dunbarton Drive
Jackson, MS 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717
mjbarnettpa@yahoo.com

Page 3 of 4

## CERTIFICATE OF SERVICE

**THIS** is to certify that I, M. Judith Barnett, have this date served, via United States mail, postage prepaid, a true and correct copy of the above and foregoing document to:

>Douglas Handshoe
>214 Corinth Drive
>Bay St. Louis, MS 39520

**THIS** the ___ day of **May, 2014**.

*M. JUDITH BARNETT*

## SUPREME COURT OF NOVA SCOTIA
## CERTIFICATE

I, __Gael O'Keefe__, Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, Canada, do certify that the following constitutes a true and correct copy and a literal transcript of the Order regarding damages for copyright infringement of Supreme Court Justice Kevin Coady in the matter of **Trout Point Lodge, Limited, Charles Leary, and Vaughn Perret versus Douglas K. Handshoe, No. 411345**, dated February 26, 2014, and initialled by Justice Coady, as the same now appears on file in my office of record.

AND I FURTHER CERTIFY that said Supreme Court of Nova Scotia is a court of record with an official seal, and that I as Prothonotary of Said Supreme Court of Nova Scotia, am the custodian of records and of the seal of Said Court.

IN TESTIMONY WHEREOF, I have hereto set my hand and affixed the seal of this said Court, at the city of Halifax, Nova Scotia, on this __7th__ day of __March__ in the year of our lord two-thousand and fourteen.

_Gail O'Keefe_ (sign)

_Gael O'Keefe_ (print)
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA

PROVINCE OF NOVA SCOTIA

I, __KEVIN COADY__, a Justice of the Supreme Court of Nova Scotia, do hereby certify that __GAEL O'KEEFE__ (Prothonotary) who's true signature appears to the forgoing Certificate is now and was at the date of said Certificate, the Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, duly qualified according to law and that her said Certificate is in due form of law; that the seal hereto attached is the genuine seal of said Supreme Court of Nova Scotia, and that Said Court is a Court of Record.

Witness my signature, this __10__ day of __MARCH__ A.D. 2014

_____
JUSTICE

SUPREME COURT OF NOVA SCOTIA

I __Caroline McInnes__, Prothonotary of the Supreme Court of Nova Scotia, do hereby certify that __Justice Kevin Coady__, who's signature appears to the annexed and foregoing attestation, is now and was at the date of said Certificate, a Justice of the Supreme Court of Nova Scotia, duly appointed by lawful authority and legally qualified, and that the Certificate and Attestation are in due form of law, and that the Supreme Court of Nova Scotia is the highest trail court in the Province of Nova Scotia and a Court of Record.

_Caroline McInnes_ (sign)

_Caroline McInnes_ (print)
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA



EXHIBIT "A"

## SUPREME COURT OF NOVA SCOTIA

BETWEEN:

Trout Point Lodge Ltd., Charles Leary & Vaughn Perret

Plaintiff

- and -

Douglas K. Handshoe

Defendant

S.G.D.
K.C.
J.

## ORDER

**BEFORE THE HONOURABLE JUSTICE KEVIN COADY:**

**WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe was personally served with notice of this action;

**AND WHEREAS** the Defendant Douglas K. Handshoe filed a Demand for Notice and did not file a Defence to this action;

**AND WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe received notice of this assessment of damages;

**AND AFTER HAVING REVIEWED** the Plaintiff's evidence, exhibits and submissions and being satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs copyright in photographic images throughout 2012 and 2013.

**IT IS ORDERED:**

1. **THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Charles Leary;

2. **THAT** the Defendant Douglas K. Handshoe pay the sum of forty thousand Canadian dollars ($40,000) in statutory damages to Trout Point Lodge Ltd.;

3. **THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Vaughn Perret;

4. **THAT** the Defendant Douglas K. Handshoe pay all the Plaintiffs the sum of one hundred thousand Canadian dollars ($100,000) in punitive damages.

DATED at Halifax, Nova Scotia, this 26th day of February, 2014.

_____
**Prothonotary**

*Certified to be a true and correct copy of original document herein*
Date: March 1, 2014
GAEL O'KEEFE
Deputy Prothonotary