IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

VAUGHAN PERRET
PLAINTIFFS
CHARLES LEARY
TROUT POINT LODGE, LTD, A Nova
Limited Company                                                             PLAINTIFFS

V.                                                                    CIVIL ACTION NO. 14-241

DOUGLAS K. HANDSHOE                                                          DEFENDANT

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO MOTION TO REMOVE

COME NOW the Plaintiffs, Trout Point Lodge, Limited, Charles Leary, and VAUGHAN Perret in response to *Defendant's Notice of Removal*, and in opposition thereof would show unto the Court the following:

1. Respondents Trout Point Lodge is a Nova Scotia limited company. Respondents Charles Leary, and VAUGHAN Perret are United States citizens resident in Nova Scotia, Canada. Pursuant to the laws of Nova Scotia the Defendant, Douglas K. Handshoe, was found liable for copyright infringement under the Canada Copyright Act to the Plaintiffs.

2. This case has already been litigated in the Supreme Court of Nova Scotia where Defendant made an appearance. The United States exercises comity of nations, a recognition of fundamental legal concepts that nations share. It stems from mutual convenience as well as respect and is essential to the success of international relations. This is not formal international law but is used instead for public policy reasons. This similar to the credence that one state of the United States give to another when giving credence to another state's judgments, marriage

licenses, driver's license, etc.  Without this comity there were be constant litigation and chaos in the legal system.  As the court in *Cornfield v Investors Overseas Services, Ltd.*, 471 F.Supp. 1255 (S.D.N.Y. 1979), stating, citing a decision of the 2nd Circuit Court of Appeal:

> Canada is "a sister common law jurisdiction with procedures akin to our own." *Clarkson Co. v. Shaheen*, 544 F.2d at 630, and thus there need be no concern over the adequacy of the procedural safeguards of Canadian proceedings.

The general rule laid down by the Supreme court, which rule has never been questioned, is as follows (pp. 205-206 of 159 U.S., pp. 159-160 of 16 S.Ct.):

> "When an action is brought in a court of this country, by a citizen of a foreign country against one of our own citizens, to recover a sum of money adjudged by a court of that country to be due from the defendant to the plaintiff, and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties, and upon due allegations and proofs, and opportunity to defendant against them, and its proceedings are according to a course of civilized jurisprudence, and are stated in a clear and form record, the judgment is prima facie evidence, at lest, of the truth o the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice, or that, by the principles of international law, and by the comity of our own country, it should not be given full credit and effect."

3. Moreover, pursuant to Mississippi Code Ann. § 11-7-03, this Court "shall treat the foreign judgment in the same manner as a judgment of the circuit court of any county in this state" and this judgment "has the same effect and is subject to the same procedures," as well-established by the principles of law.  The Supreme Court of Mississippi in *Department of Human Services v Shelnut*, 772 So.2d 1041 (Miss. 2000) has stated that "the rule [applied to judgments of foreign states being enforced under full faith and credit], is equally applicable to the judgments of foreign nations being enforced in this state under the principle of comity, as discussed by this Court in *Laskosky*, 504 So.2d at 729-30."

4. Removal was improper. The removing party bears the burden of showing that federal jurisdiction exists and the removal was proper. *De Aguilar v Boening Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v Ashland Oil Inc.,* 989 F.2d 812, 815 (5th ir. 1993) (*per curiam*) ; *Willy v Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v State Farm Mut. Auto Ins. Co.*, 44 F.3d. 256, 264 (5th Cir. 1995).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Defendant Handshoe has failed in his burden to state the citizenship of any plaintiff. Defendant fails to meet the minimum requirements for removal as there is no diversity of citizenship claimed between said parties.  Trout Point Lodge is a Nova Scotia limited company and is not stated to be a citizen within the meaning of 28 U.S. § 1332, and the defendant is an actual adult bona fide resident citizen of Hancock County, thus, there is no diversity of citizenship under Article III, § 2 of the United States Constitution as required for removal. VAUGHAN Perret and Charles Leary are actual adult citizens of Nova Scotia which defeats diversity of citizenship within the meaning of the statute.  There is thus no allegation of diversity of citizenship; in fact, the two personal plaintiffs are stateless United States citizens, and thus complete diversity is destroyed. *Newman-Green, Inc.  v. Alfonzo-Larrain,* 490 U.S. 826, 109 S.Ct 2218, 104 L. Ed. 2d 893 (1989).

5. The Defendant loosely states in his removal petition that this action involves a Federal question; it does not. Rather, this action centers around straightforward, repeated acts of copyright infringement by the Defendant in Canada that resulted in damages to the Plaintiffs.

The Defendant is trying to create a law suit where none exists. The crux of the issue before the Circuit Court of Hancock, Mississippi is the enforcement of a judgment from Nova Scotia, nothing more.

The authority to hear lawsuits that turn on a point of federal law is called *federal question jurisdiction*. Under 28 U.S.C.A. § 1331 (1993), U.S. district courts "shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." Unlike federal jurisdiction based on Diversity of Citizenship under 28 U.S.C.A. § 1332 (Supp. 2003), federal question jurisdiction is not dependent on the parties meeting a prescribed amount in controversy.

6. Finally, the Defendant's baseless attempt to remove this action is one final cry to escape the enrolled Judgment against him, and this Court should deny the motion to Remove and send this matter back to the Circuit Court of Hancock County, Mississippi.

7. This matter has already been litigated and finalized in the Supreme Court of Nova Scotia as evidenced by a copy of that Judgment which is attached hereto and made a part hereof as if fully copied in words and figures. See Exhibit 1.

The United States exercises comity of nations, a recognition of fundamental legal concepts that nations share. It stems from mutual convenience as well as respect and is essential to the success of international relations. This is not formal international law but is used instead for public policy reasons. This is similar to the credence that one state of the United States give to another when giving credence to another state's judgments, marriage licenses, driver's license, etc. Without this comity there were be constant litigation and chaos in the legal system.

WHEREFORE, PREMISES CONSIDERED this Honorable Court should receive

Plaintiff's Memorandum in Opposition to Motion to Remove and upon a hearing deny any and all claims of Defendant, Douglas K. Handshoe and assess Mr. Handshoe all of the Plaintiffs attorney fees for his frivolous attempt to remove the enrollment of the foreign judgment in the Circuit Court of Hancock County, Mississippi.

RESPECTFULLY SUBMITTED this the **8th** day of **July**, **2014**.

        VAUGHAN PERRET, CHARLES LEARY
        TROUT POINT LODGE, LTD,
        A Nova Scotia Limited Company


By: /s/ M. Judith Barnett
     M. JUDITH BARNETT

M. Judith Barnett (MSB #99766)
M. Judith Barnett, P.A.
1911 Dunbarton Dr.
Jackson, MS 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717

### CERTIFICATE OF SERVICE

I, M. Judith Barnett, hereby certify that I have this day caused to be served, via United States Mail, postage prepaid and properly addressed, a true and correct copy of the foregoing document to the following listed persons:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, MS 39520

**SO CERTIFIED**, this the **8th** day of **July**, **2014**.

        /s/ M. Judith Barnett
        M. Judith Barnett