

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VAUGHN PERRET | ) | |
| CHARLES LEARY | ) | PLAINTIFFS |
| TROUT POINT LODGE, LTD, A Nova | ) | |
| Limited Company | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv241-LG-JMR |
| | ) | |
| DOUGLAS HANDSHOE | ) | DEFENDANT |
| | ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

This Memorandum in Opposition to Motion to Remand (Doc. Nos. 7, 10 & 11), and incorrectly referred to as a "Notice to Remand" and "Memorandum in Opposition to Motion to Remove" by Vaughn Perret, Charles Leary, and Trout Point Lodge, Ltd., is respectfully submitted by defendant, Douglas Handshoe, who would show unto the Court as follows.

### BACKGROUND

Plaintiffs materially misrepresent their foreign defamation suit as a copyright infringement suit that is somehow not subject to the SPEECH Act of 2010 when a plain read of the Canadian court's decision clearly indicates otherwise. The Canadian Court improperly bifurcated the case into multiple component judgments in an effort to circumvent the SPEECH Act of 2010. Plaintiffs have enrolled one of those multiple component judgments.

Interestingly, plaintiffs did begin their latest Canadian action as one which centered solely on three allegations of copyright infringement, none of which had any nexus with Nova Scotia, Canada. After defendant conclusively briefed the manifest jurisdictional problems with a Canadian court hearing matters related to copyrights emanating in the United States, and not in

1

Canada, that were subject of several takedown notices issued by both plaintiffs and other third parties at the behest of the plaintiffs' under the U. S. Digital Millennium Copyright Act, plaintiffs moved to convert their "Application" to an "Action" on July 19, 2013, claiming that the new defamation causes of action arose "out of the same nexus of facts as the current acts of copyright infringement."[1] [2]

Astonishingly, plaintiffs admit this in the same legal brief on pages four and five, namely their intent in trying to circumvent the United States SPEECH Act by mixing in defamation torts with the original copyright infringement allegations. On page six of the same brief, which was granted by the Canadian Court, Plaintiffs conclude:

> *Both the defamation that the Applicants will allege and the copyright infringement already alleged arise from the same nexus of facts and should be addressed in a single proceeding.*

Today in the United States, plaintiffs conveniently omit this fact, claiming instead the underlying action is a straightforward copyright infringement action when a plain read of plaintiffs' own briefs filed in Canada along with their largely incomprehensible, 43 page screed the Canadian courts amazingly allowed as an Amended Statement of Claim dated September 30, 2013, coupled with the final Canadian Court opinion indicates a vastly differing fact pattern where defamation is the primary tort alleged. The ever-changing positions of the plaintiffs are really nothing more than an effort to obtain a money judgment in Canada, truly based on defamation, then try to mischaracterize their action as something different in the United States in a clear effort to avoid the application of the SPEECH Act, which this Honorable Court has

---

[1] The Canadian Court ultimately would continue Defendant's Jurisdictional Motion without date, thus the issue of jurisdiction was never decided by a Canadian court. Handshoe did not participate in the case after the Canadian Court refused to hear his jurisdictional motion.
[2] Applicants' Brief on Converting an Application to an Action or Amending Notice of Application dated July 19, 2013, page 3. The Motion and Brief are attached as Exhibit 1.

previously ruled upon adversely to these plaintiffs in other litigation. These parties should not be allowed to continue to abuse the legal processes of this country or their own.

## LAW AND ARGUMENT

28 U.S. Code § 4103 governs the removal allowed under 28 U.S. Code § 4101. Specifically, it states:

> In addition to removal allowed under section 1441, any action brought in a State domestic court to enforce a foreign judgment for defamation in which—
>
> (1) any plaintiff is a citizen of a State different from any defendant;
>
> (2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (3) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state, may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

It is without question that plaintiffs have sought recognition of a judgment that resulted from a foreign defamation lawsuit, albeit one that was improperly bifurcated post-judgment that is now described by plaintiffs as "straightforward copyright infringement."[3] Additionally, it is undisputed that under the SPEECH Act the defendant has the absolute right to have the entirety of the action declared as unenforceable in the United States as repugnant to the Constitution and pursuant to the Declaratory Judgment Act have this Honorable Court make certain additional

---

[3] Defendant notes one of the instances of claimed infringement in this instant matter was already adjudicated in Trout Point et al v Handshoe 729 F. 3d 481, where the Canadian Judge improperly expanded the proceedings to include an alleged instance of copyright infringement in the damages hearing held in January 2012.

findings of facts related to plaintiffs' conclusory, at times infantile, allegations of defamation asserted in Canada.

Finally, should plaintiffs not seek enforcement of the entirety of their judgment, to the extent the defamation and other torts alleged were factually inseparable from the whole per the plaintiffs' own Canadian court briefs, then none can survive these proceedings on a standalone basis. Additionally, defendant absolutely asserts his rights under the SPEECH Act of 2010 to have this Honorable Court make certain findings of fact with regard to the Canadian defamation allegations which lie at the heart of this action. Nevertheless, the claims now before the Court unquestionably invoke the federal question jurisdiction of this Honorable Court, relating to the SPEECH Act and the U. S. Digital Millennium Copyright Act, such that the plaintiffs' Motion to Remand is without support and must be denied.

## CONCLUSION

Defendant is entitled to findings under the SPEECH Act of 2010 and the Declaratory Judgment Act related to the defamation allegations that lie at the heart of this matter. This case is properly before this Honorable Court pursuant to 28 U.S. Code § 4103 and should not be remanded.

Respectfully submitted this 16th day of July, 2014,

Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

4

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on July 11th the foregoing was electronically filed by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

> M. Judith Barnett, Esq.
> 1911 Dunbarton Drive
> Jackson, MS 39216
> Telephone: (601) 981-4450
> Facsimile: (601) 981-4717
> mjbarnettpa@yahoo.com
> *Attorney for Plaintiffs*

Submitted this 16th day of July, 2014,

Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

Douglas K Handshoe, CPA
P.O. Box 788
Wiggins, MS 39577

**HONORABLE ARTHUR JOHNSTON, CLERK OF COURT**
**DAN M. RUSSELL, JR., UNITED STATES COURTHOUSE**
**2012 15TH STREET, SUITE 403**
**GULFPORT, MS 39501**

**Client Mailing Slip**



RECEIVED

JUL 17 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.