*Exhibit 1*

2013                                                                                    Yar. No. 411345

IN THE SUPREME COURT OF NOVA SCOTIA

BETWEEN:

**Trout Point Lodge, Limited,** *a Nova Scotia Limited*

*Company,* Charles Leary, and Vaughan Perret

**Applicants**

-and-

**Douglas Handshoe**

**Respondent**

**Notice of Motion**

To: Douglas Handshoe

**Motion**
Trout Point Lodge, Limited the Applicant in this proceeding, moves for an order converting this Application in Court to an Action, or, in the alternative, allowing an amendment to the Notice of Application to ad an additional infringement of the Copyright Act and to ad defamation causes of action.

**Time and place**
The motion is to be heard by a judge on July 31, 2013, at 9:30 a.m. in the Law Courts, 1815 Upper Water Street, Halifax, Nova Scotia. The moving party has set the motion for hearing in a half-hour or less in chambers. The moving party says that the motion will not require more time.

**References**
The moving party relies on the following legislation, Rules, or points of law:
Nova Scotia Judicature Act, Nova Scotia Defamation Act, Nova Scotia Civil Procedure Rule 6.

**Evidence**
The evidence in support of the motion is as follows: affidavit of Charles Leary to be sworn on or before July 22, 2013; Certificates of Registration of Copyright; affidavit of Douglas Handshoe filed with the

1

Notice of Contest.

**Possible order against you**

You may file an affidavit and a brief, attend the hearing of the motion, and state your position on whether the proposed order should be made. If you do not attend, the judge may grant an order without further notice to you.

**Signature**

Signed July 19, 2013

Charles L. Leary

2013                                                                      Yar. No. 411345

IN THE SUPREME COURT OF NOVA SCOTIA

BETWEEN:

**Trout Point Lodge, Limited,** *a Nova Scotia Limited*

*Company,* Charles Leary, and Vaughan Perret

Applicants

-and-

**Douglas Handshoe**

Respondent

**Applicants' Brief on Converting
an Application to an Action
or
Amending the Notice of Application**

Justice of the Supreme Court of Nova Scotia
Law Courts
Halifax, NS

My Lord:

At this early stage of litigation, the *pro se* Applicants, Charles Leary, Vaughan Perret, and Trout Point
Lodge, Limited, move to have their Application in Court converted to an Action, at which time
Applicants will amend the Action to include new causes of action including prominently defamation
that arise out of the same nexus of facts as the current acts of copyright infringement. In the alternative,
Applicants request permission to amend the Application to allege causes of action in defamation as
well as a new instance of copyright violation, and then move to convert that Application to an Action
based, in part, on their right to a jury trial. The Applicants say that doing so would be in accordance
with the goals of Civil Procedure Rule 1 instead of creating multiple proceedings.

Issue: While the Respondent is purporting to challenge the court's territorial competence, should an
Applicant be allowed to convert an Application in Court to an Action at an early stage in the proceeding

to allege a cause of action for which there is a right to a jury trial (defamation); or, in the alternative, should the Application be converted to an Action, allowing the Applicant/Plaintiff to then amend the Action to include new causes of action for which there exists the right to a jury trial?

Respondent has recently been granted leave to re-file his challenge to jurisdiction and any supporting affidavit anew, thus there is no prejudice to him. The Applicants first learned that Respondent had defamed them with criminal allegations in a May 10, 2013, publication on a Nova Scotia-based legal web site (www.michaelcoyle.ca, Kentville, NS) on or around June 17, 2013, that is during the time at which the Respondent was engaged with this court in scheduling his motions. On July 15, 2013, Applicants received from the Intellectual Property Office (Industry Canada) certificates of copyright registration for the three creative works at question in the instant Notice of Application in Court (January, 2013) and the 1st Amended Notice of Application in Court (February, 2013), each of which shows an initial publication date for what are registered as "artistic works" prior to November, 2012. Finally, the owner of copyright in a fourth creative work—a photographic portrait of Applicants Vaughan Perret & Charles Leary with their business partner Daniel Abel—agreed to transfer rights, including the right to action, to the Applicant Trout Point Lodge in early July, 2013. This work has repeatedly been published by the Respondent in violation of copyright and in defamatory contexts, and the Applicants wish to pursue their right to action for such infringement. Progress Media of Halifax, owner of the copyright to the publication from which the Respondent took the image, had given prior notice to Respondent's web host (and thus to Respondent) that they were publishing material infringing the copyright-protected work in late 2012.

Pleadings have not closed, no discovery has been conducted, and limited affidavit evidence has been submitted. Were amendment to be considered, "the test to be applied is whether the party seeking the amendment is acting in bad faith, or whether the other party will suffer serious prejudice as a result of the requested amendment which could not be compensated by costs" (**Jeffrie v. Hendriksen, 2012 NSSC 335**).

The Application in Court is currently proceeding under the Copyright Act for alleged copyright infringement only, which is suitable to a summary proceeding. In January, 2013, Applicants intentionally brought a streamlined Application under copyright, in part due to the difficulty of enforcing Canadian defamation judgements in the United States since the advent of the United States

4

SPEECH Act in August, 2010, a blocking statute for foreign defamation judgments. ((Respondent has an existing (default) defamation judgment, damages award, and injunctions against him stemming from prior defamation of the Applicants (cf. **2012 NSSC 245**). The Applicants' current effort to enforce Justice Hood's February, 2012, judgment is currently before the United States Fifth Circuit Court of Appeal, with oral argument scheduled for August 6, 2013, in a case of first impression for the SPEECH Act under U.S. federal law)).

Despite the summary nature of the Application in Court and its narrow focus, Respondent has effectively complicated the factual issues through multiple allegations regarding Applicants, references to several potential witnesses in his affidavit (Canadian residents Joyce Case-Harlow & Timothy Gillespie, witnesses not raised in his Notice of Contest), and has continued to defame the Applicants all the while.

The *pro se* Respondent is currently attempting to challenge the jurisdiction of this court. He has also made numerous substantive arguments in a Notice of Contest and in his motion, including accusing the Applicants of criminal conduct in a purported "unclean hands" defence. His affidavit containing such allegations remains in the record. "Counsel's remarks, in court, enjoy an immunity. Affidavits, deposed to by others, and forming a part of the public record, do not. The danger lies in others publishing potentially defamatory allegations thereby causing real harm to the individual maligned" (**Adelaide Capital Corporation v. Smith's Field Manor Development Ltd., 1994 CanLII 4509 (NS SC)**).

Respondent has also continued to defame the Applicants on his blog and on the michaelcoyle.ca web site during the course of this proceeding (he has also sued Mr. Coyle for defamation and conspiracy in Mississippi). In addition, *all* of his prior defamatory blog publications and infringing publications of copyrighted creative works also remain in Internet publication on the date of this filing. In fact, new instances of copyright infringement have occurred during the period Respondent has engaged with this court, including on YouTube in May, 2013.

After hearing the recent decision of Justice Muise, and encountering the michaelcoyle.ca defamatory publication, the Applicants have realized that the issue of ongoing defamation and the conduct of the Respondent indeed raises complex factual issues and fresh actionable matters that now *must* be

addressed in one form or another. Applicants have always alleged that the copyright infringement was occurring within the context of ongoing defamatory publications referring to them, however heretofore only as aggravating factors for the issue of damages in copyright.

Justice Muise has also said that jurisdictional issues related to Respondent's potentially tortious conduct may have a bearing on the jurisdiction issue currently before the court, raising further complex factual issues and potential witnesses not suitable for an Application.

The Applicants have a right to bring legitimate claims based on properly pleaded facts at this time, early in the proceeding. Stage of the proceeding is germane to amendment (or, arguably, conversion):

> [20]     I return to the question of whether the respondents will suffer prejudice that cannot be compensated by costs. I am mindful of the many cases where amendments are granted even very late in the process.

> [21]     In my view, the request for an amendment is very late and not a matter of housekeeping. Having said that, I have considered the submissions of Mr. Van Gelder and believe that the respondents should be able to respond to the amendment by adducing additional evidence.

> [22]     For this reason, I will allow the amendment but will give the respondents the chance to make submissions about filing additional evidence in response.

**Jeffrie**, *supra*.

Unlike the facts in Jeffrie, *supra*, this proceeding is at an early stage, and the Respondent is currently being allowed to freely amend his motion and affidavit on jurisdiction in any event.

Both the defamation that the Applicants will allege and the copyright infringement already alleged arise from the same nexus of facts and should be addressed in a single proceeding: Respondent's unceasing publications referring to and picturing the Applicants since January, 2010, on his blog Slabbed and elsewhere on the Internet. Respondent has now brought his defamatory words decisively into Nova Scotia by publishing them on a Nova Scotia-based web site in May, 2013, a publication that was first

6

discovered by the Applicants in June, 2013. Amendment to include such facts, as well as other instances of defamation since the February, 2012, decision of Justice Hood is therefore reasonable and warranted.

Respondent's motion challenging jurisdiction is currently scheduled for hearing in Yarmouth on August 22, 2013, which is a regularly-scheduled Chambers date. Respondent's supplementary materials for his motion on jurisdiction are due on July 23, 2013. Therefore, the Applicants are bringing this motion in Halifax on a regular Chambers date of July 31, 2013, and giving notice prior to July 23, 2013, to avoid any prejudice whatsoever to Respondent.

Nova Scotia Civil Procedure Rule 6.02 reads, in part,

(4)   An action is presumed to be preferable to an application, if the presumption in favour of an application does not apply and either of the following is established:

(a)   a party has, and wishes to exercise, a right to trial by jury and it is unreasonable to deprive the party of that right;

(b)   it is unreasonable to require a party to disclose information about witnesses early in the proceeding, such as information about a witness that may be withheld if the witness is to be called only to impeach credibility.

The Judicature Act, R.S.N.S. 1989, c. 240, requires that proceedings for libel and slander be tried by a jury unless the parties agree otherwise. The Applicants will rely on the Nova Scotia Defamation Act and the Judicature Act, as amended.

Therefore, if the Applicants amend the Application in Court to ad defamation, the Application itself would on its face no longer be appropriate. This is why the Applicants suggest allowing conversion of the Application to an Action, at which time they will have the right to amend to ad defamation claims without permission or consent under CPR 83.02.

The Applicants say that it is reasonable and more efficient to convert the current Application to an Action to include the new defamation causes of action, while also continuing with the copyright

infringement claims, rather than to initiate a new and separate Action to allege defamation while also pursuing a factually-related copyright Application. In any event, the current Application in Court would have to be amended to include the material facts of the copyright registrations and the new cause of action for copyright infringement involving the creative work picturing Leary, Perret, and Abel once published by Progress Media.

In the short history of the "new" Civil Procedure Rules, it may be unusual for the party first filing an Application to seek conversion to an Action; it is usually the other way around. However, this is reasonable because the Respondent has made serious and complex factual allegations, has made allegations that are *prima facie* defamatory of the Applicants, has mentioned potential witnesses heretofore unanticipated by the Applicants in his affidavit, and has made credibility an issue. In addition a new cause of action for copyright, and defamation published *from within Nova Scotia* have arisen just in the past 2 months.

In *Langille v. Dzierzanowski et al.*, 2010 NSSC 379 the 90-year-old applicant accused the respondents of medical malpractice. They moved to have his application converted to an action, claiming: **the matter was too complex, credibility was an issue, and they wished to have a jury trial**. The applicant pointed to his advanced age and argued his rights would erode if not dealt with expeditiously. He filed an actuarial report showing there was a 75 percent chance of him dying before the matter could get to trial. *Held*, motion granted; matter converted to an action. While the passage of time is a legitimate factor in this case, the respondents have proven there's a presumption in favor of an action (Rule 6.02). **It would be unreasonable to deprive them of their *prima facie* right to a jury trial. It's realistic to expect there will be issues of credibility such that it is unreasonable to require them to disclose information about witnesses at an early stage.** Citing *Monk v. Wallace (2009)*, an application is not necessarily the most efficient, or a less costly, route. A trial offers additional safeguards. There's no evidence the applicants' substantive rights will erode before the matter gets to trial. Arrangements will be made (including the appointment of a case management judge, and the authorization of a special jury sitting) to ensure things move as quickly as possible.

In *Monk v. Wallace et al.*, 2009 NSSC 425, the applicant brought an application in court in relation to a claim of medical malpractice. Liability and damages were in issue. The respondents moved to convert

8

the application to action under Rule 6.02, arguing: issues of credibility; the need for experts; and they wanted a jury trial. The motion was granted. The respondents satisfied the burden of proving an action is the appropriate route. These Rules have more streamlined procedures for actions, and the applicant won't necessarily be prejudiced (in terms of time/cost) by having the matter proceed as an action. There are many disputed issues. None of the situations in Rule 6.02(3) apply: there's no evidence the applicant's rights will erode pending a trial and no indication the court will have to hold several hearings. The criteria in Rule 6.02(4) are met: the respondents have shown a good faith intention to elect a jury trial; and early disclosure of witness information is unreasonable particularly since the respondents predict credibility will be a fundamental issue. The factors in favour of an application in Rule 6.02(5) are not present: the parties can't quickly ascertain who the important witnesses will be; it's unrealistic to expect a medical malpractice case in its early stages can be ready to be heard in months; the length and content of trial can't yet be predicted; and credibility issues that can't be addressed by an application might arise. It wouldn't necessarily be more efficient and less costly to proceed by way of an application: an action safeguards the right to a jury and offers more procedural safeguards. If it were to proceed as an application now, there is a likelihood the parties would be forced to convert to an action at a later date.

This situation is somewhat reversed in the instant proceeding, however the legal principles elucidated in both decisions remain the same.

Notably and lastly, published allegations on Slabbed about the Applicants by the Respondent include the allegation that Applicants, in collusion with the principal of a Yarmouth law firm, sought to and did illegally influence a presiding judge of the Supreme Court of Nova Scotia to issues specious orders to Respondent's web host, and that the judge once worked for the Applicants and Aaron Broussard at that Yarmouth law firm. The last publication of a series of publication of such *prima facie* defamatory conspiracy theories on Slabbed was made as late as June 7, 2013. For this reason and others, early disclosure of witness information is unreasonable particularly since the respondents predict credibility will be a fundamental issue, and the Applicants will want to impeach the testimony of Mr. Handshoe.

The Applicants therefore respectfully request an Order allowing the conversion of this Application to an Action, at which time the Applicants undertake to timely file an amended Statement of Claim including claims for both copyright infringement and defamation. The Applicants also request

permission to serve the Respondent with the Notice of Action by fax and post, and say that it is reasonable to adjourn any currently scheduled motions.

ALL OF WHICH IS RESPECTFULLY SUBMITTED

Charles L. Leary, PhD
on behalf of himself and the Applicants