IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED, A Novia Scotia
Limited Company; VAUGHN PERRETT and
CHARLES LEARY                                                                              PLAINTIFFS

VS.                                                CIVIL ACTION NO.: 1:14CV00241-LG-JMR

DOUG K. HANDSHOW                                                                    DEFENDANT
_____

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND**
_____

COME NOW, Trout Point Lodge, Limited, A Nova Scotia Company; Vaughn Perret and Charles Leary (hereinafter referred to collectively as "Plaintiff") and file this their response to Douglas Handshoe's (hereinafter referred to as "Handshoe" or "Defendant") Memorandum in Opposition to Plaintiffs' Motion to Remand and in support thereof would show unto the Court the following, to-wit:

1.

Defendant feels it imperative to continue a slight of hand stance in the alleged issue(s) before the Court. Through his "Background" paragraph the Defendant effuses a diatribe of verbiage that is directed to the SPEECH Act of 2010. The Defendant is confused on his jurisdictions and the issue on point. For example, in paragraph two of the "Background" section, Defendant states that this recent action **BEGAN** in Canada "as on which centered solely on three allegations of copyright infringement . . ." The Defendant goes on to say that he "conclusively briefed the manifest jurisdictional problems with a Canadian court hearing matters related to copyright emanating in the United States, and not in Canada . . ." Defendant fails to state that he personally appeared or, more importantly, that he did not prevail in this action which ultimately is the source of this litigation.

2.

Defendant does, however, mention that the Nova Scotia Supreme Court bifurcated Its Judgment to address each claim individually in an effort to assist in the collection of same, not unlike other courts in the United States.

3.

**LAW AND ANALYSIS**

Defendant continues his pontification that this case is really about the SPEECH Act and not about copyright is disingenuous.  Regardless, the Defendant has failed to meet his burden even under the SPEECH Act.  Defendant claims removal under the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. § 4102 under federal question jurisdiction. Defendant once prevailed on cross motions for summary judgement under this Act, when Plaintiffs brought a prior (2012) Canadian defamation judgement against him for enforcement in Mississippi. Defendant apparently now believes he is forever shielded from foreign judgments of all types, and can remove any action against him to federal court.  The SPEECH Act pertains to foreign defamation judgments only.  The act defines defamation as:

> (1) Defamation.--The term `defamation' means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

The SPEECH Act is concerned with foreign judgments for intentional torts consisting of or closely resembling defamation, a type of personal injury to reputation that may cut against interests protected by the First Amendment to the United States Constitution.

4.

This case is really about the enrollment of a copyright infringement judgment. Copyright is a creature of statute and international treaty, in Canada as in the United States (including the North America Free Trade Agreement of 1991). It is a property right. It is not a tort. Notably, in a valid diversity situation, U.S. federal courts have, in at least one instance, applied the Canada Copyright Act against a U.S. defendant, observing:

> The Court has an obvious interest in securing compliance with this nation's laws by citizens of foreign nations who have dealings within this jurisdiction. A concern with the conduct of American citizens in foreign countries is merely the reciprocal of that interest. *London Film Productions v. Intercontinental Comm*., 580 F. Supp. 47 (S.D.N.Y. 1984).

In Canada, the superior trial court of each province as well as the Federal Court of Canada have concurrent jurisdiction over copyright infringement actions Copyright Act - R.S.C., 1985, c. C-42 (Section 41.24). Indeed, the damages awarded against Defendant Handshoe by the Nova Scotia Supreme Court were statutory damages.

Defendant argues without the support of either law or evidence that the Plaintiffs cannot now bring their judgment arising out of the copyright infringement cause of action to Mississippi state court. He is mistaken.

The principles of copyright protection are well embedded in both Canadian and United States law, and the intellectual property rights in both countries are protected by statute as well as treaties of which both nations are signatories. Indeed, Defendant argues against reason that the Plaintiffs judgment against Defendant's serial copyright violations are somehow contrary to free speech. In yet Justice O'Connor in *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985) has famously stated:

> it should not be forgotten that the Framers intended copyright itself to be the engine of free expression. By establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas.

The Defendant's four instances of infringement has already been adjudicated by a court of competent jurisdiction under the Canada Copyright Act and is res judicata. Defendant would argue, albeit through innuendo, that the Supreme Court of Nova Scotia is not a court of competent jurisdiction and therefore the issue of copyright infringement is ripe for a case of first impression with the United States District Court and allow Defendant a second bite of the apple of jurisdiction and judgment.

5.

The defendant's right to remove is statutory. Section 1441 of the Judicial Code keys the propriety of removal to the original jurisdiction of the federal district courts. Removal under section 1441(b), the basis of removal here, is appropriate only for those claims within the federal question jurisdiction of the district courts, that is, for those actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. See *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring his own pleadings and petition for removal. A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct.

96, 97, 81 L.Ed. 70 (1936). *Carpenter v. Wichita Falls Independent School Dist.*, 44 F. 3d 362 - Court of Appeals, 5th Circuit 1995.

6.

Plaintiff's complaint presents no basis for federal question jurisdiction, and Defendant Handshoe has offered no facts (or evidence) whatsoever to support this honorable court's exercise of jurisdiction.

7.

**FEDERAL QUESTION JURISDICTION FAILS**

Defendant claims removal under the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"), 28 U.S.C. § 4102 under federal question jurisdiction. Defendant once prevailed on cross motions for summary judgement under this Act, when Plaintiffs brought a prior (2012) Canadian defamation judgement against him for enforcement in Mississippi. Defendant apparently now believes he is forever shielded from foreign judgments of all types, and can remove any action against him to federal court. He is mistaken.

It is a property right. It is not a tort. Notably, in a valid diversity situation, U.S. federal courts have, in at least one instance, applied the Canada Copyright Act against a U.S. defendant, observing:

> The Court has an obvious interest in securing compliance with this nation's laws by citizens of foreign nations who have dealings within this jurisdiction. A concern with the conduct of American citizens in foreign countries is merely the reciprocal of that interest. London Film Productions v. Intercontinental Comm., 580 F. Supp. 47 (S.D.N.Y. 1984).

In Canada, the superior trial court of each province as well as the Federal Court of Canada have concurrent jurisdiction over copyright infringement actions Copyright Act - R.S.C., 1985, c. C-42 (Section 41.24). Indeed the damages awarded against Defendant Handshoe by the Nova Scotia Supreme Court were statutory damages.

Defendant argues without the support of either law or evidence that the Plaintiffs cannot now bring their judgment arising out of the copyright infringement cause of action to Mississippi state court. He is again mistaken.

This honorable court, in its previous fact finding, described how the controversy between Defendant and Plaintiffs commenced, that is, with alleged copyright infringement by the Defendant:

> it appears that after Plaintiffs demanded the retraction from the Times-Picayune, the "Slabbed" blog was taken offline by the times-Picayune's corporate parent, Advance Publications.  Handshoe, apparently in reaction to his blog being taken offline, then began an internet campaign to damage Perret and Leary.  Handshoe has published numerous entries on "Slabbed" about Plaintiffs, many of of which may be characgterized as derogatory, mean spirited, sexist and homophobic.  Cause No. 1:12CV90-LG-JMR.

It was established in the record of that 2012 case, it was a Digital Millennium Copyright Act takedown notice of infringing publication of copyrighted material issued by Advance Publications to Handshoe's web host in 2011 that caused the web host to summarily drop Handshoe from its service. This court also noted Handshoe's "apparent attempt to harass or embarrass" Perret & Leary using visual images.

Neither Handshoe's "internet campaign to damage" nor his copyright infringing activities involving the Plaintiffs and others have ceased.

8.

Plaintiffs exercised their right to pursue Handshoe for unauthorized publication of their registered intellectual property in Canada, where Slabbed had an internet audience and where the Plaintiffs permanently reside.  Handshoe participated in the Nova Scotia proceeding (as admitted in his Response to Plaintiffs Motion to Remand) waiving any jurisdictional challenges by filing various motions with the Nova Scotia court, including a defense and a failed motion for summary judgment.

9.

Defendant's response brief quotes the removal section (4103) of the SPEECH Act, but did not state the plain truth that the Act did not eliminate all diversity requirements for removal to federal court. Defendant's removal petition utterly fails to state any jurisdictional facts whatsoever regarding the parties. There is no assertion of the citizenship of any party.

10.

Defendant's removal was totally unwarranted. When a district court remands a case, it has discretion to award "the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447( c). An award of costs under this section is limited to the litigation expenses that would not have been incurred had the case remained in state court. *Avitts v Amoco Prod. Co.*, 11 F.3d 30, 32 (5th Cir. 1997). Costs are generally awarded to the prevailing party. F.R.C.P. 54(d)(1); see also *Hornbuckle v State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004). However, courts may only award attorneys' fees under § 1447 (c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When determining whether attorneys' fees should be awarded, the district court must not consider the motive of the removing defendant but must consider the objective merits of removal at the time of removal. *Valdez v Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). This is clearly a case where such an award of fees is warranted.

**CONCLUSION:**

11.

Despite all of the law, argument, analysis and other rhetoric contained hereinabove, it is important to note that the real issue right now, at this point in this United States District Court litigation is REMOVAL. It is not whether or not the Supreme Court of Nova Scotia is a court of competent jurisdiction, it is not diversity, it is not whether or not Plaintiffs have any right to pursue

an action against the Defendant under the SPEECH Act (which they are not) but whether or not there is an appropriate removal action filed by the Handshoe.  This much is simple, No.

Handshoe wants this Court to look at everything but the facts so that he can attempt to muddy the waters sufficient to draw this Court off course in determining removal.

> Under our longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by referenced to the 'well-pleaded complaint.' *Franchise Tax Board*, 43 U.S., at 9-10.  A defense that raises a federal question is inadequate to confer federal jurisdiction.  *Louisville & Nashville R. Co. v Mottley*, 211 U.S. 149 (1908).  Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.' *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed2d 650 (1986).

In the case *sub judice*, the notice of removal does not even mention defamation or any tort whatsoever, only statutory violations that United States courts are bound by treaty to recognize.  This is also true of the Order and the Articles of Congress issued by the Nova Scotia Supreme Court earlier this year.  Handshoe's unsubstantiated and conclusory allegation about the Canadian judgments against him "is inadequate to confer federal jurisdiction."  Enrollment of a foreign judgment which was certified under the Articles of Congress and filed in the Circuit Court of Hancock County, Mississippi is simply not a federal question.

Plaintiffs could spend pages of type and cite cases opining the Supreme Court of the United States evidencing the lack of standing of Handshoe but Plaintiffs have already made their point in their Response to the Notice of Removal of Handshoe and in this Response.  This Court has already been made fully aware of the requirements for removal and Plaintiffs fully believe that this learned Court is cognizant that the only real issue here is that Handshoe is trying to get out his punishment for his bad behavior on the internet.  He trying to hide behind the robes of the United States District Court to protect him as if he were an aberrant child that disobeyed his mother.

This Court should remand this matter to the Circuit Court of Hancock County, Mississippi for enrollment of the foreign judgment and to allow process to issue pursuant to M.R.C.P. 69 for collection of said judgment.

**RESPECTFULLY SUBMITTED**, this the **25th** day of **July, 2014**.

    /s/ M. Judith Barnett
    **M. JUDITH BARNETT**

**M. JUDITH BARNETT (MSB #99766)**
**JEANINE M. CARAFELLO (MSB #10487)**
**M. JUDITH BARNETT, P.A.**
1911 Dunbarton Drive
Jackson, Mississippi  39216
Telephone: (601) 981-4450
Facsimile:  (601) 981-4717
mjbarnettpa@yahoo.com

## CERTIFICATE OF SERVICE

I, M. Judith Barnett, do hereby certify that I have this date served, via the ECF filing system, and United States mail, postage prepaid, a true and correct copy of the above and foregoing *Response* to the following:

Douglas handshoe
214 Corinth Drive
Bay St. Louis, MS 39520
earning04@gmail.com

**SO CERTIFIED**, this the **25th** day of **July, 2014**.

            /s/ M. Judith Barnett
            **M. JUDITH BARNETT**