IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| VAUGHN PERRET<br>CHARLES LEARY<br>TROUT POINT LODGE, LTD, A Nova Limited Company | PLAINTIFFS |
| v. | Civil Action No. 1:14cv241-LG-JMR |
| DOUGLAS HANDSHOE | DEFENDANT |

## MEMORANDUM IN REBUTTAL TO PLAINTIFFS' OPPOSITION TO REMOVAL

**MAY IT PLEASE THE COURT:**

This Memorandum in Rebuttal to Plaintiffs' Opposition to Removal (ECF 14) is respectfully submitted by Defendant, Douglas Handshoe who would show unto the court as follows:

### BACKGROUND

Plaintiffs materially misrepresent their foreign defamation suit as a copyright infringement suit that is somehow not subject to the SPEECH Act of 2010 when a plain read of the Canadian Court's decision clearly indicates otherwise. The Canadian Court improperly bifurcated the case into multiple component judgments in an effort to circumvent the SPEECH Act of 2010. Plaintiff has attempted to enroll one of those multiple component judgments.

### LAW AND ARGUMENT

28 U.S. Code § 4103 governs the removal allowed under 28 U.S. Code § 4101. Additionally, Plaintiff's actually cite the correct language in the SPEECH Act that makes the removal in this instant action proper. Specifically, it defines Defamation (emphasis added):

1

> Defamation.--The term `defamation' means any action or other proceeding for defamation, libel, slander, *or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress*, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

It is without question that Plaintiffs have sought recognition of a judgment that resulted from a foreign defamation lawsuit that included Copyright Infringement tort allegations. In fact, this latest defamation suit is little different from the first SPEECH Act action that Plaintiffs badly lost in *Trout Point et al v Handshoe* 729 F. 3d 481 which also included allegations of Copyright infringement related to copyrights that emanated from the United States. Plaintiffs themselves admitted in the Canadian proceedings their Copyright Infringement torts were factually inseparable from the defamation allegations they added after initially filing suit in Canada.

In fact, mixing Copyright Infringement and other intellectual property torts with defamation or in lieu of defamation is a common practice to those that file meritless SLAPP suits such as instant Plaintiffs. *Katz v Chevaldina* , Case No. 12-22211-Civ-King/MCaliley, United States District Court Southern District of Florida, decided on June 17, 2014, contains an almost identical factual pattern of a defamation Plaintiff attempting to use Intellectual property laws to SLAPP and silence a critic.[1]

Instant Plaintiffs' take the nonsensical position that a Canadian Court without jurisdiction over the subject matter or the defendant can adjudicate takedown notices issued under the DMCA. That said, had Plaintiff's filed suit against Defendant in the proper forum before this

---

[1] See also, *Copyright as an online reputation management tool: A round hole for a square peg* by David Kluft, Esq. at the Trademark and Copyright Law Blog located at
http://www.trademarkandcopyrightlawblog.com/2014/07/copyright-as-an-online-reputation-management-tool-a-round-hole-for-a-square-peg/

2

Honorable court they would have, by their own actions proven they had no damages associated with their allegations due to the fact they obtained after the fact assignments of copyright for the specific purpose of filing suit against Defendant. The Court in *Katz* well explains these concepts. In short there is nothing special or unique about Plaintiffs actions as they are the common legal tools of SLAPP suit practitioners.

Finally, it is a long established legal principle that nothing compels Mississippi courts to give full faith and credit to judgments from foreign countries as a matter of the Constitution, nor is there a federal treaty that requires the enforcement of foreign country judgments. University of Mississippi Professor of Law Michael H. Hoffheimer explains the salient requirements involving the enforceability of foreign judgments:

> [A] foreign country judgment from a judicial system that provides impartial tribunals is enforceable unless: 1) the foreign court lacked jurisdiction; 2) the judgment was procured by fraud; 3) the judgment was founded on clear mistake or irregularity; 4) the judgment was bad by the law of the place where it was rendered; or 5) the foreign jurisdiction rendering the judgment did not recognize American judgments.

In this case the Canadian court, in their written opinion, did not even make a prefatory finding it had jurisdiction over the defendant. As a matter of law no Canadian Court can decide any matter involving the Takedown Notices issued under the US Digital Millennium Copyright Act or copyrights that emanate from the United States.[2]

---

[2] The Court in Trout Point et al v Handshoe 729 F. 3d 481, while not addressing the myriad of jurisdiction problems with Plaintiff's first Canadian SLAPP suit against Defendant, made it clear the instant Plaintiffs had major jurisdiction issues to go with the badly plead, indeed infantile allegations of defamation contained in their amended complaint in that matter. These issues are unchanged in this instant litigation.

## CONCLUSION

Defendant is entitled to findings under the SPEECH Act of 2010 and the Declaratory Judgment Act related to the defamation allegations that lie at the heart of this matter. This case is properly before this Honorable Court pursuant to 28 U.S. Code § 4103 and should not be remanded.

Respectfully submitted this 1st day of August, 2014,

Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on July 10th the foregoing was electronically filed by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

    M. Judith Barnett, Esq.
    1911 Dunbarton Drive
    Jackson, MS 39216
    Telephone: (601) 981-4450
    Facsimile: (601) 981-4717
    mjbarnettpa@yahoo.com
    *Attorney for Plaintiffs*

    Submitted this 1st day of August, 2014,

    _____
    Defendant
    Douglas Handshoe
    214 Corinth Drive
    Bay St Louis, MS 39520
    (601) 928-5380
    earning04@gmail.com