IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
           F I L E D

       AUG 25 2014

         ARTHUR JOHNSTON
BY_____ DEPUTY
```

VAUGHN PERRET )
CHARLES LEARY ) PLAINTIFFS
TROUT POINT LODGE, LTD, A Nova )
Limited Company )
)
v. ) Civil Action No. 1:14cv241-LG-JCG
)
DOUGLAS HANDSHOE ) DEFENDANT
)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S

## MOTION FOR INJUNCTION

**MAY IT PLEASE THE COURT:**

This Memorandum of Law in Support of Defendant's Motion for Injunction, is respectfully submitted by defendant, Douglas Handshoe, who would show unto the Court as follows:

### BACKGROUND

The Canadian defamation judgment at the heart of this instant action is the sixth defamation suit against Defendant to which Vaughn Perret, Charles Leary, their Louisiana domiciled business partner and U.S. based attorney Daniel Abel and/or their shell company Trout Point Lodge Ltd. of Nova Scotia have filed against Defendant, Defendant's lawyers, Defendant's webhosts and other third parties in connection with a coordinated campaign of litigation terrorism via meritless defamation suits designed to harass and punish Handshoe for exposing Leary's, Perret's, and Abel's roles in a bribery and money laundering scheme perpetrated by former Jefferson Parish President Aaron Broussard. Plaintiffs and Abel, have also filed suit against the Attorneys that have represented Handshoe in clear acts of retaliation for the

1

mere act of legal representation that strike at the very heart of the administration of the justice system in deprivation of Defendant Handshoe's valuable due process and First Amendment rights. The numerous SLAPP suits in Nova Scotia and Louisiana have also included as a Defendant Jefferson Parish corruption whistleblower Anne Marie Vandenweghe, joined in the Louisiana litigation instituted by Mr. Abel via the false claim that Ms. Vandenweghe is a "co-publisher" of the Slabbed New Media website.

In this instant civil action, Plaintiffs Perret, Leary and Trout Point Lodge seek to recycle their first attempt to enroll a Canadian defamation judgment that was rejected by this Honorable Court in the case *Trout Point et al v Handshoe* 729 F. 3d 481. Defendant was awarded $48,000 in Attorney Fees under the SPEECH Act of 2010 in that action, a judgment of this Honorable Court that Instant Plaintiffs along with Attorney Abel have actively sought to negate by several judicial and extra judicial means, including by filing a lawsuit in the New Orleans Civil District Courts[1] and in Nova Scotia against Defendant's Counsel, Jack "Bobby" Truitt. In addition to Truitt, Trout Point Lodge via Attorney Abel has sued Attorneys Paul Vance, Brodie Glenn, Scott Sternberg and the law firm of Baldwin, Haspel, Burke & Mayer in the New Orleans Civil District Court Action that in part recycles and duplicates both the first SPEECH Act action referred to above and this instant action under the SPEECH Act.

For purposes of reference the following summarizes the multiplicity of lawsuits centered on the same transactional nexus of facts:[2]

---

[1] Interestingly Trout Point Lodge, Ltd, using the legal services of Attorney Abel, filed a legal malpractice lawsuit against their former attorney Henry Laird on March 14, 2014 in the same venue despite it clearly being an improper forum to hear claims related to United States District Court Litigation heard in Gulfport, Mississippi.

[2] Defendant notes he presents only five of the six SLAPP suits referenced in the first paragraph of this memorandum as the sixth SLAPP suit had a unique fact pattern apart from the Trout Point related allegations. This suit was struck under Louisiana's Anti SLAPP suit law in late July, 2014 with Handshoe awarded reasonable attorney fees by 24th Louisiana Judicial Court Judge Scott Schlegel.

1. Trout Point Lodge, Leary and Perret v Handshoe and Jane Doe. (Canada #1) Amended Statement of Claim attached hereto as Exhibit 1.

2. Trout Point Lodge, Leary and Perret v Handshoe & Automattic (Canada #2)

3. Trout Point Lodge, Leary and Perret v Handshoe (Canada #3) Amended Statement of Claim attached hereto as Exhibit 2.

4. Abel v Handshoe and Vandenweghe (LAED #1)

5. Abel v Handshoe, Vandenweghe, Truitt, Vance, Sternberg, Glenn & Baldwin, Haspel, Burke & Mayer (New Orleans Civil District Court #1) Petition Attached as Exhibit 3. Amended Petition attached as Exhibit 4.

## SPEECH Act #1

Instant Plaintiffs attempted to obtain comity in the US for Canada #1, which was litigated under the SPEECH Act of 2010 before this Honorable Court. The 5th Circuit Court of Appeals concluded the Plaintiff's Canadian based complaint was so poorly pleaded it could never survive default proceedings in a Mississippi Court. This Honorable Court ruled in the same case that Plaintiff's failed to demonstrate falsity associated with their conclusory, poorly plead accusations.

## SPEECH Act #2

Before this court is Plaintiffs' second attempt to obtain comity for another Canadian based Defamation judgment couched as Copyright Infringement, which is referred to above as Canada #3.

Interestingly, plaintiffs did begin their latest Canadian action as one which centered solely on three allegations of copyright infringement, none of which had any nexus with Nova Scotia, Canada. After defendant conclusively briefed the manifest jurisdictional problems with a

Canadian court hearing matters related to copyrights emanating in the United States, and not in Canada, that were subject of several takedown notices issued by both plaintiffs and other third parties at the behest of the plaintiffs' under the U. S. Digital Millennium Copyright Act, plaintiffs moved to convert their "Application" to an "Action" on July 19, 2013, claiming that the new defamation causes of action arose "out of the same nexus of facts as the current acts of copyright infringement."[3] [4]

On page six of the same brief, which was granted by the Canadian Court, Plaintiffs conclude:

> *Both the defamation that the Applicants will allege and the copyright*
> *infringement already alleged arise from the same nexus of facts and should be*
> *addressed in a single proceeding.*

Abel v Handshoe and Vandenweghe (LAED #1) was filed in January 2013 by Daniel Abel, in close proximity to the time this Honorable Court ruled against Trout Point Lodge Ltd in SPEECH Act #1. That suit recycled many of the allegations contained in Canada #1 which was denied comity by this Honorable Court. One day before Defendant's Special Motion to Strike under Article 971 of the Louisiana Code of Civil Procedure, Abel voluntarily dismissed this suit, refiling it in a substantially identical form in the New Orleans Civil District Courts (New Orleans Civil District Court #1). This suit also named each lawyer that had previously represented Handshoe as co-defendants in order to conflict them out of legally representing Handshoe and to harass and punish them for the very act of legal representation. It is this suit that Defendant Handshoe seeks an injunction.

---

[3] The Canadian Court ultimately would continue Defendant's Jurisdictional Motion without date, thus the issue of jurisdiction was never decided by a Canadian court. Handshoe did not participate in the case after the Canadian Court refused to hear his jurisdictional motion.

[4] Applicants' Brief on Converting an Application to an Action or Amending Notice of Application dated July 19, 2013, page 3. The Motion and Brief are found at ECF No. 13-1 in this instant action.

Abel's myriad of relationships with Trout Point Lodge are legion. Numerous press reports have openly described his ownership of the partnership which manages Trout Point Lodge. He has acted as Attorney for Trout Point Lodge as recently as early August, 2014[5] filing suit in the improper venue of the New Orleans Civil District Courts against the Mississippi based lawyer that previously represented Trout Point before this Honorable Court. In fact, Abel admits in his New Orleans Civil District Court SLAPP suit against Defendant and Defendant's Attorneys that, **"Representative plaintiff was formerly (before February, 2007) an officer & director of Trout Point Lodge and remains a co-owner. He is closely associated with the public reputation of Trout Point Lodge."** A plain read of the largely incomprehensible 47 page screed, with its multitude of references to the Canadian litigation that was rejected by this Honorable Court (and accompanying misstatements of this Honorable Court's previous decision in SPEECH Act #1) indicates it is nothing more than a bald faced attempt to re-litigate the failed Canadian defamation case this Court resolved in SPEECH Act #1. It also repeats certain defamation allegations currently before this court in this instant case as part of an overall strategy of litigating the same issues over and over as part of a glaring pattern of abuses of process to circumvent the previous orders of this Honorable Court.

### LAW AND ARGUMENT

Although 28 U.S.C. § 2283 (Anti-Injunction Act) generally denies federal courts the power to "grant an injunction to stay proceedings in a State court," it provides that a federal court may enjoin state court proceedings "to protect or effectuate its judgments." This exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res

---

[5] Trout Point Lodge et al v Jones Walker and Henry Laird. New Orleans Civil District Court Case No: 2014-2631

judicata and collateral estoppel." A four-part test is applied to determine whether the exception is applicable:[6]

1. First, the parties in a later action must be identical to or in privity with the parties in a prior action.

2. The judgment in the prior action must have been rendered by a court of competent jurisdiction.

3. The prior action must have concluded with a final judgment on the merits.

4. The same claim or cause of action must be involved in both suits.

There is no doubt that this Honorable Court properly had jurisdiction of SPEECH Act #1 and issued conclusive findings of fact inherent to the underlying allegations of defamation in the related Canadian case which Plaintiffs sought to enroll. Additionally the prior action is final thus items 2 and 3 of the 4 part test are met thus further analysis will focus on Items 1 and 4 above.

The remaining parties in the New Orleans Civil District Court action have privity with SPEECH Act #1. Trout Point Lodge via its owner/agent Daniel Abel never attempted to affect service upon Baldwin Haspel, Paul Vance, Brodie Glenn and Scott Sternberg thus they were dismissed from the case on October 11, 2013.[7] A plain read of the Canadian complaint at the heart of Canada #1 / SPEECH Act #1 clearly indicates that both Handshoe and Vandenweghe were sued by Trout Point in Canada although Trout Point never attempted to enroll their Canadian judgment against Vandenweghe. Additionally, Handshoe was represented in SPEECH Act #1 by Attorney Truitt. Truitt is an example of a non-party that has been held to be entitled to relief under exceptions found in 28 U.S.C. § 2283 as a professional that participated in or

---

[6] New York Life Insurance Company v. Sheree Gillispie, 203 F. 3d 384
[7] Judge Piper Griffin curiously held this order of dismissal until June 2014.

contributed to the federal court's disposition of the prior federal suit. In Samuel C. Ennis & Co. v. Woodmar Realty Co., 542 F.2d 45, 47–48 (7th Cir. 1976) the Court found:

> Injunctive relief is needed to preserve the full "fruits and advantages" of the federal judgment, see Local Loan Co. v. Hunt, supra, 292 U.S. at 239, 54 S.Ct. 695. Furthermore, allowing an unsuccessful litigant to harass other participants in the federal case flouts and may be said to "seriously impair the federal court's . . . authority to decide that case." Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970).

In *Thomas v Powell*, 247 F.3d at 260 (D.C. Cir. 2001), the Court expressly rejected the argument that the Relitigation Exception can apply only if the parties to both the state and federal suits are identical, explaining that "[t]he doctrine of collateral estoppel, or as it is now commonly called 'issue preclusion,' . . . provides that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."

The nucleus of facts under which the Trout Point/Abel defamation lawsuit in the New Orleans Civil District Court are identical in several instances to those found in SPEECH Act #1 for which Trout Point was denied comity. However there are also additional allegations found in the Trout Point/Abel Defamation suit in the New Orleans Civil District Court which duplicates those asserted in Canada #3 that are currently before this Honorable Court in this instant action. Only the United States District Courts have authority to decide issues under the United States SPEECH Act. The New Orleans Civil District Court litigation, improperly venued as it remains, is nothing other than a bald faced attempt to interfere with this Court's previous orders and

7

current jurisdiction over the myriad of meritless Trout Point Lodge allegations of defamation against Defendant.

## CONCLUSION

This Honorable Court should issue a Temporary Injunction barring further proceedings in the New Orleans Civil District Court suit styled Abel v Handshoe et al to protect and effectuate its judgment in *Trout Point et al v Handshoe* 729 F. 3d 481. Upon additional briefs and/or a hearing on the merits of this Motion, such proceedings in the New Orleans Civil District Court suit styled Abel v Handshoe et al should be permanently enjoined.

Respectfully submitted this 25th day of August, 2014,

_____

Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

8

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on August 25th the foregoing was electronically filed by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

M. Judith Barnett, Esq.
1911 Dunbarton Drive
Jackson, MS 39216
Telephone: (601) 981-4450
Facsimile: (601) 981-4717
mjbarnettpa@yahoo.com
*Attorney for Plaintiffs*

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Motion for Injunction to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Judge Piper Griffin
421 Loyola Avenue, Room 405
New Orleans, LA 70112

Submitted this 25th day of August, 2014,

_____
Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com

9