Exhibit 1

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO. 2013-5029

DIVISION "I" [14]

DANIEL G. ABEL, INDIVIDUALLY AND
AS REPRESENTATIVE PETITIONER

VERSUS

DOUGLAS K. HANDSHOE, ANNE MARIE VANDENWEGHE,
JACK "BOBBY" TRUITT, PAUL VANCE, SCOTT STERNBERG,
BRODIE GLENN, BALWIN HASPEL BURKE & MEYER, LLC.,

FILED: _____

_____
DEPUTY CLERK

*****************************************************************

**AMENDED PETITION AS TO DEFENDANT
JACK E. TRUITT, SLABBED.ORG's ATTORNEY
WITH EXHIBITS ATTACHED HERETO**

Petitioner Daniel G. Abel, appearing individually amends his original petition and sets forth

with exhibits and particularity, defendant Mr. Jack E. Truitt's actions in Civil District Court for the

Parish of Orleans involving the fabrication and inclusion of false facts and allegations made in the

Concrete Busters amended petition Exhibit No.1 & Exhibit No.2], his financial and personal support of

slabbed.org [Exhibit No.3], as well as his conspiracy and complicity with co-defendants Mr. Douglas

K. Handshoe and Ms. Anne Marie Vandenweghe and slabbed.org in injuring petitioner Mr. Abel

[Exhibit Nos.4,5,6].

1.

Most egregious is Mr. Truitt's involvement in the fabrication of facts and the use of those facts

filed in the amended petition of Concrete Busters in these courts. The fabricated facts filed in the

Concrete Buster amended complaint were the identical verbatim extensive allegations in the federal

district court lawsuit authored and filed by attorney Mr. Truitt on behalf of defendant Vandenweghe

against Jefferson Parish, including claims that were at that point already dismissed by the federal court.

2.

The false facts first alleged by Mr. Truitt for Ms. Vandenweghe in her suit against Jefferson

Parish, were given to and carried over to Concrete Busters for their amended petition. That amended

petition was posted online at slabbed.org within hours after it was filed in CDC, but before it was

imaged.

3.

The fabricated facts were placed in the amended petition of the Concrete Busters so, allowing Mr. Handshoe—who published the defamatory content of the amended complaint only hours after it was filed in Civil District Court for the Parish of Orleans—were subsequently used by Mr. Truitt and Mr. Handshoe to influence the federal judge in the Southern District of Mississippi, who included direct statements of the allegations Mr. Truitt had helped to fabricate [Exhibit No.1].

4.

None of the facts fabricated for Mr. Truitt and Mr. Handshoe's purpose, were true and were subsequently admitted to be false by counsel for the Concrete Busters plaintiffs [Exhibit No.2].

5.

Mr. Truitt has helped finance and otherwise facilitated such falsification of facts and evidence including the statements in the Concrete Busters amended petition that Mr. Abel helped persons launder money, ran a shell corporation, as advertised on slabbed.org [Exhibit No. 3].

6.

Mr. Truitt has represented Mr. Handshoe, Ms. Vandenweghe, and Slabbed Nation [slabbed.org] and has conspired with them, whose actions were the cause-in-fact of the harm and damage done to petitioner Mr. Abel as set forth in the original petition and now in this amended petition as well.

7.

Defendant Mr. Truitt not only conspired with the co-defendants in establishing and financing slabbed.org [and Slabbed Nation] he joined the co-defendants in making defamatory statements, all of which are identified for the purpose of this amended petition, that were made prior to the filing of the original petition. Others attacks on Mr. Abel which defendant Mr. Truitt has made as recently as last month, April 2014, shall be included in a subsequent amendment to the original petition.

8.

Mr. Abel has known Mr. Truitt for almost twenty years, contrary to his surprising statement to the Court that he only met Mr. Abel six months ago at Kenner City Hall.

9.

Mr. Abel has been at social gatherings with Mr. Truitt and some of his law school classmates, before Hurricane Katrina when Mr. Truitt had his office in New Orleans, on Canal Street—which classmates will confirm for the Court that Mr. Abel and Mr. Truitt have known each other since the

1990s.

## 10.

Mr. Truitt also failed to tell the Court that he had sued Mr. Abel in the 22nd JDC on Thursday, 24 April 2014, the day before the Court held the hearing at which he said if Mr. Abel wants to sue me he should come to St. Tammany Parish where I practice—but again Mr. Truitt failed to tell the Court that his website lists him as having a New Orleans office as well, 433 Metairie Road [Exhibit No. 4].

Mr. Truitt's misrepresentations to this Court are indicative of his own and his co-defendants curious [sociopathic] habit and practice of fabricating whatever facts they seem to believe suits their purpose at any given time.

## 11.

While petitioner Mr. Abel is not unlike other persons attacked on the website slabbed.org by Mr. Douglas Handshoe and Ms. Vandenweghe and Mr. Truitt, petitioner has not asked the Court to certify a class or consolidate other actions with his and as such this action is only Mr. Abel's personal action against the named defendants Mr. Truitt, Ms. Handshoe, and Ms. Vandenweghe.

## 12.

Petitioner Mr. Abel re-urges and again avers each fact and allegation in each of the paragraphs of the original petition, and for the purpose of this amended petitions all former allegations set forth against defendants Mr. Truitt.

## 13.

Petitioner Mr. Abel also avers that defendant Mr. Truitt waived his right to bring his exception of vagueness as to his personal actions as he did not bring that dilatory exception before or a the same time that he asked for other relief [of dismissal] by filed his art. 971 Motion to Strike the original petition which was denied some months back by the Court.

## 14.

However, as the Court has ordered Mr. Abel to amend his original petition by 15 May 2014 to include all facts probative of offenses or quasi-offenses and torts committed by Mr. Truitt which have caused damage, harm, injury, including but not only humiliation, Mr. Abel now amends his original complaint and includes documents and other exhibits probative of Mr. Truitt's actions.

## 15.

Mr. Abel also re-urges and again avers all the facts and allegations set forth as to Mr. Truitt,

with specifically stated facts and allegations, in the paragraphs of the original petition. The paragraphs contained in the original petition which specifically name Mr. Truitt and state his actions, both individual actions and those done in complicity with the co-defendants, are set forth in ¶¶ 8, 12, 13, 14, 19, 20, 21, 22, 23, 24, 26, 27, and 31.

16.

Paragraphs ¶¶ 51, 53, 54-70, 74, 81, 83, 84, 86, 88, 90, 99, 101, 103, 104, 109, 113, 115, 122, and 126, contain actions of his co-defendants in which he conspired with the other defendants and was complicitus in, he helped to finance and seek support publically to finance, and he otherwise aided and abetted, so as to cause damage and harm to petitioner Mr. Abel.

17.

Defendants Douglas K. Handshoe and Ms. Vandenweghe have a history, habit, and practice of race-based and hate-engendered campaigns of libel, maliciously defaming public officials and private persons including but not only petitioner Mr. Abel. From the outset of their campaign to defame Mr. Abel and others, co-defendant has helped finance, contributed to, represented and conspired with Mr. Handshoe and the Slabbed Nation, as it acted through slabbed.org, where Mr. Truitt has appeared and continued to appear in a number of capacities and ways, including as counsel for Slabbed Nation at slabbed.org. [See Exhibit 3].

18.

Defendants Handshoe, Vandenweghe, and their counterparts in Slabbed Nation have launched racists attacks on Judge Lemelle of the Eastern District Federal Court and Kim Boyle, former president of the Louisiana Bar Association.  Mr. Truitt has helped finance slabbed.org and publically solicited others to help finance slabbed.org as well [Exhibit No. 3]

19.

Defendants have posted clips of African American film character Attorney Algonquin J. Calhoon from the television program "Amos & Andy" to suggest that local African American Attorney Robert Jenkins is a shyster, like the character Calhoon. Defendant Mr. Truitt represents slabbed.org, and the other co-defendants Mr. Handshoe and Ms. Vandenweghe and advertises on the slabbed.org webite homepage [Exhibit No. 3 - Truitt Ad]

20.

Attorney Scott Sternberg when acting as counsel for defendants Mr. Douglas Handshoe and

Ms. Vandenweghe, acknowledged to the federal court that Handshoe's language can be "offensive". Racist, bigoted, homophobic or any type of hate speech, is and always will be very much more than simply "offensive" [Abel v. Handshoe, EDLA, Case No. 13-88].

21.

Such language as published by the co-defendants and financed by Mr. Truitt is actionable under Louisiana law as it is meant to humiliate, demean, damage, harm and destroy the reputations of the persons whom they target, including but not only petitioner Mr. Abel, in this action.

22.

Statements made online and in subsequent legal documents and pleadings suggest that certain attorneys including defendant Bobby Truitt are complicit in and have facilitated Handshoe and Vandenweghe's defamation of the judges, other public officials, and private persons as well. Anne M. Vandenweghe is herself an attorney in these very courts, which courts and whose very judges she and Doug Handshoe continuously mock and maliciously defame.[1]  And about which defendant Mr. Truitt comments and also defames online and on his tweeter account as well [Exhibit No. 5 - Mr. Truitt's published associating Aaron Broussard's guilty plea with petitioner Mr. Abel].

23.

Defendant Mr. Truitt was instrumental and complicitous in fabricating the allegations used in the Civil District Court for the Parish of Orleans [Concrete Busters v River Birch - Case No. 11-2129 "D"] which amended petition included but not only the publication of alleged-fabricated crimes but the setting forth of those fabricated crimes against petitioner Mr. Abel, his business, and his business partners in the Amended Complaint of the Concrete Busters suit.

24.

The crimes alleged were fabricated by and provided to Concrete Busters by defendants Jack "Bobby" Truitt, Doug Handshoe, Anne Marie Vandenweghe and others [Exhibit No. 2 -Concrete Busters Retraction].

25.

As recently as 9 May 2013, Handshoe and others put a video online at YouTube with

---

[1] While zealous advocacy often requires counsel to disagree with and appeal the decision of a trial court, the Louisiana Rules of Professional Conduct adopted by this Court of the Eastern District, also require that "a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard for its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal official ...." Rule 8.2.(a).

photographs of Abel and others implying a complicity with public officials in crimes and acts of public corruption. [YouTube - With Background Track of Goliardic Poem *O Fortuna* - for which Mr. Handshoe gives his attorney and co-defendant Mr. Truitt [and others] credit for making the film possible].

26.

Defendant Handshoe's Mr. Truitt has become ideological adherents to and member of and publically admitted member the Slabbed Nation, and hase committed acts and joined the co-defendants in defamation that makes him concurrently jointly liable for all the defamation.

27.

The unceasing series of publications contain a great deal of defamatory innuendo and implication, the stings of which include the following:

- that Abel's businesses Trout Point Lodge and Cerro Coyote were truly not legitimate entrepreneurial enterprises, but were funded by the ill-gotten gains of Aaron Broussard and Jefferson Parish corruption

- that Trout Point Lodge as owned and administered by Abel was used to funnel kickbacks in violation of federal law

- that Cerro Coyote as owned and administered by Abel was used to launder money

- that Trout Point Lodge was under federal criminal investigation

- that Abel was a member of Nova Scotia Enterprises, identified by federal authorities as a Louisiana LLC involved in a criminal enterprise

- that Abel and his businesses were part of a criminal RICO enterprise

- that there is a vast criminal conspiracy involving Abel and in which Abel participates, and that part of that conspiracy is an international scheme to silence investigation of the above criminal activities through the use of civil legal process

28.

Defendant Mr. Truitt, is an ideological and actual adherents of The Slabbed Nation through his acts of commission and omission. In particular he took part in formulating and publishing libellous words about Plaintiff, and in supporting and financing the defamatory work of the Slabbed Nation [Exhibit Nos. 4 & 5].

29.

This is evidenced by the notices published on the Slabbed web site and by the May 9 defamatory YouTube video crediting Baldwin Haspel and Truitt with assistance in the video's production. The video, which repeated in visual form the defamatory stings articulated above, specifically credited Mr. Truitt and others.

30.

The facts that Bobby Truitt advertises on Slabbed as the official Slabbed lawyer and law firm further evidences his participation in the "Slabbed Nation" endeavor, as is also evidence by other communications made by Truitt which are attached as exhibits hereto, and shall be offered in evidence at trial.

31.

Mr. Abel discovered and sent to federal Judge Guirola a letter explaining defendant Bobby Truitt's fabrication of facts and crimes used to influence the Mississippi Court in making its decision in the Speech Act case - Exhibit No. 1]

32.

Mr. Handshoe and his anonymous bloggers have recently posted photographs of Abel, Perret, and Leary stated that they wish that they "were dead" and that someone should be hired "to take care of them". These threats take defendants' action beyond defamation, substantially.

33.

The defendants including Mr. Truitt are, since January, 2010, co-publishers and/or facilitators of the Slabbed blog, which currently has the url slabbed.org.

34.

Defendants published false statements about plaintiff Abel and many others, on a public Internet blog with either actual malice or that the statements were defamatory per se, accusing him and others of criminal acts, professional incompetence, and moral turpitude.

35.

Mr. Abel's name and reputation has been injured as a result.

36.

Mr. Abel is not a public figure, and his private life and private business dealings are not a matter of public concern, as this Court has determined in denying all of the defendants art. 971

motions to strike.

37.

Defendants including Mr. Truitt have committed multiple acts of defamation, a cause of action for defamation that arises out of a violation of Louisiana Civil Code article 2315. Such a violation constitutes a breach of duty, or fault, and may be actionable under C.C. 2315, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

38.

In addition to the explicit statements that are defamatory per se of the Mr. Abel, defendants including Mr. Truitt repeatedly defamed plaintiff by implications that are also defamatory per se.

39.

The defamation included, but is not limited to, publishing false and injurious statements about Mr. Abel's business enterprises as well as by publishing a photograph of plaintiff juxtaposed with defamatory allegations.

40.

Representative plaintiff was formerly (before February, 2007) an officer & director of Trout Point Lodge and remains a co-owner. He is closely associated with the public reputation of Trout Point Lodge. For instance, he is a co-author of the Trout Point Lodge Cookbook: Creole Cuisine from New Orleans to Nova Scotia (Random House, 2004).

41.

After a hiatus, following Slabbed losing its web host (DreamHost) due to violation of its terms of service, all of the defamatory publications described in the original petition before this court were republished in their entirety in March, 2014, on new servers by a new web host (HostGator) due directly to the funding assistance of Defendant Truitt and his public fundraising and endorsement of Slabbed in 2013 and 2014—but the same posts were published initially before the filing on the original petition in this matter.

42.

Mr. Handshoe also published on numerous occasions on Slabbed during 2014 that Plaintiff Abel was an unindicted co-conspirator of federal felon Aaron Broussard. Mr. Truitt likewise endorsed and helped to fund these 2014 defamatory publications. Such words are defamatory per se

and impute the commission of federal felonies to the Plaintiff.

43.

By way of background, Aaron Broussard was ultimately indicted by a Grand Jury for federal crimes including bribery, payroll fraud, theft of federal funds, and wire fraud, mostly involving the hiring of his wife for a government job she never performed. He reached a deal with the New Orleans U.S. Attorney (USAO) and plead guilty to 2 charges in September, 2012: cooking up a sham job for his wife involving theft of $28,158, and conspiring to take $66,000 in bribes from a Parish contractor in Louisiana. He plead guilty to these charges, was convicted and sentenced in early 2013. Though the Defendants repeatedly state otherwise in their defamatory publications, none of Broussard's federal criminal indictments or guilty pleas had to do in any way with Plaintiff Abel, his businesses, or Nova Scotia.

44.

Some Slabbed false allegations use real underlying source materials, including court filings made by U.S. prosecutors (USAO). However, the Defendants intentionally misrepresented the clear meaning and targets of these underlying sources in their publications.

45.

The Broussard corruption investigation and prosecution is now decisively over. He has been convicted and sent the prison.

46.

The Plaintiff has never been implicated in any crimes whatsoever, yet the Defendants persist unrepentantly with false and defamatory allegations.

47.

There exist no allegations from U.S. Prosecutors that the Plaintiff ever involved himself in any wrongdoing whatsoever. Nor has anyone else—other than the Defendants, members of the "Slabbed Nation," and those anonymously publishing on the blog—ever made such false allegations. On May 6, 2013, Defendants, including Defendant Truitt, produced and published a video on YouTube at the URL http://www.youtube.com/watch?v=M_pc4bjaLno.

48.

In that video, Handshoe visually created the implication that the Plaintiff was part of the Aaron Broussard criminal scandal, was involved in criminal activities with Broussard such as those

alleged to have been conducted using Nova Scotia Enterprises, LLC, and that Trout Point Lodge was recipient of criminal monies and a place of criminal activity. The video referred to and pictured Broussard as the "Goatherder in Chief" and the Plaintiff as a "goatherders," implicating the criminal conspiracy he published on elsewhere. In short, the video visually encapsulated the defamatory utterances and stings particularized in this complaint.

49.

The video was produced with the assistance of Defendant Truitt according to the credit given to Mr. Truitt by Mr. Handshoe at the end of the YouTube video.

50.

On October 4, 2012, an attorney filed an amended claim in the the Civil District Court for the Parish of Orleans, Louisiana in the proceeding captioned ConcreteBusters of Louisiana, LLC & Waste Remediation of Plaquemines, LLC v. Frederick R. Heebe, Albert J. Ward, Jr., River Birch Incorporated, and HWY 90, LLC.

51.

This was during the time when a federal judge in Mississippi was considering enforcement of the Nova Scotia Supreme Court money damages award against Defendant Handshoe. Defendant Truitt was the attorney in that proceeding. The Concrete Busters lawsuit's amendment was widely publicized in mainstream media due to the efforts ofthe Defendants.

52.

That amended claim re-alleged verbatim extensive allegations from the federal district court lawsuit of Defendants Vandenweghe and Truitt (as attorney) against Jefferson Parish, including claims that were at that point already dismissed by the federal court.

53.

Furthermore, that amended claim contained allegations that Aaron Broussard was a co-conspirator in criminal corruption and racketeering using a lengthy list of companies, including the Louisiana company Nova Scotia Enterprises, LLC, the Costa Rica company Cerro Coyote, S.A., as well as Nova Scotia companies, including Public Works Investments, Kempt Wilderness Lodge Services, and Trout Point Lodge, Limited.

54.

The amended claim was widely published the same day by nola.com—the web site of the

Times-Picayune—and before that by Defendants on Slabbed. Handshoe, for one, has repeatedly referred to his connections or informant relationship with Times-Picayune reporters as evidence of his journalistic credentials, including with the reporter who published the article on the amended "Concrete Busters" lawsuit. This reporter has also published comments on Slabbed.

55.

As admitted by the Concrete Busters lawyers, using Defendants as their sole source, that amended claim published the falsity that Trout Point Lodge and the personal plaintiffs' business, Cerro Coyote, S.A., were involved in criminal racketeering involving multimillion dollar waste disposal contracts by that lawsuit's named defendants (Frederick R. Heebe, Albert J. Ward, Jr., River Birch Incorporated, and HWY 90, LLC) and other persons including Aaron Broussard [Exhibits Nos 1 and 2].

56.

That Concrete Buster amended claim published the falsity that Trout Point Lodge and Cerro Coyote were criminal "shell corporations . . . owned and/or controlled by the Defendants and/or their coconspirators."

57.

A shell corporation is defined as a corporation without active business operations or significant assets. This allegation came from the Defendants, and was subsequently republished by them in an unprivileged manner.

58.

That amended claim published the utter falsity that Abel businesses Trout Point Lodge and Cerro Coyote truly functioned as a single business entity with other shell companies controlled by criminal co-conspirators including federal criminal target Heebe and admitted federal felon Broussard.

59.

This false allegation originated with the Defendant and his blog, and was subsequently republished by him in an unprivileged manner.

60.

At paragraph 189 of that amended claim, in a section captioned "Fraudulent Misrepresentations and Concealment," further injurious falsehoods about Abel and his businesses

were published due to the concerted efforts of the Defendants, including Mr. Truitt:

"Co-conspirators, associates and/or agents of Defendants prosecuted SLAPP lawsuits against

the Times-Picayune, Fox 8 News, Anne-Marie Vandenweghe, and bloggers, inforeign countries that

lack the same constitutional protections of free speech as guaranteed by the laws of the State of

Louisiana and the United States of America, in aneffort to silence investigation and to conceal the

acts of the defendants and their coconspirators, committing libel tourism to thwart the protections of,

and in contraventionof, the First Amendment to the United States Constitution, the Federal SPEECH

Act 28 U.S.C. 4104-4105, the Louisiana Rachel's Law Louisiana Code of Civil Procedure Article

2542, and the Louisiana American Laws for American Courts Act La. R.S.9:6000. Said suits include

the suit: entitled Trout Point Lodge, Ltd. A Nova ScotiaCompany, Vaughn Perret, and Charles Leary

v. Doug K. Handshoe and numbered 12-cv-90LG-JMR on the docket of the United States District

Court for the Southern District ofMississippi; and, Trout Point Lodge, Ltd. A Nova Scotia Company,

Vaughn Perret, and Charles Leary v. Louisiana Media Company, LLC and numbered Yar No 328248

on the docket of the Supreme Court of Nova Scotia".

61.

The Concrete Busters attorneys admitted that paragraph 189 repeated and republished many

prior false & defamatory slings and implications first published by Defendants on Slabbed.

62.

On February 19, 2013, Handshoe published on Slabbed a comment that contains falsehoods:

"I have also concluded the allegations contained in the Concrete Busters amendedcomplaint

regarding coordination between the goatherders and Team Heebe are factual. I think the Trout Point

libel suit against the Times Picayune was pre-planned and that the planning involved the former

Goatherder in Chief. I believe it was fed to Paul Rioux and Rich Rainey for the express purpose of

defamation libel tourism. And I think I can lay it all out in a post that will make believers of the

remaining skeptics."

63.

On the same day, Handshoe published on Slabbed the following false statements: "My FBI

contact indicated to me if Leary pulled this in a U.S. courtroom he be arrested and charged with

multiple felonies. The way goatherders make use of the judicial systems in two countries to

perpetrate their misdeeds is downright Machiavellian. The fact that they seem to excel in courtrooms

in Canada is very telling." Plaintiff Abel has been repeatedly identified on Slabbed as a goatherder. Truth: The petitioner Mr. Abel has never done anything that would subject him to being arrested and charged with federal crimes, including felonies. Mr. Abel has never abused or made misuse of any judicial system and are not Machiavellian in perpetrating misdeeds. These statements and their direct implications are false and defamatory.

64.

In March, 2013, and on July 18, 2013, Defendants encountered credible information establishing that the Plaintiff had no role in Nova Scotia Enterprises, LLC. or anyother entities involved in criminal conspiracies and racketeering.

65.

The Defendants never had any basis for asserting the Plaintiffs management or ownership of Nova Scotia Enterprises or involvement in racketeering.

66.

Even in the face of evidence to the contrary, defendants Mr. Handshoe and Mr. Truitt, have never retracted their allegations subsequent to receiving the true information. The allegations in the Concrete Busters lawsuit were not true, and in a vicious cycle of publication and republication, they themselves admittedly emerged of information on Slabbed falsely concocted by Defendants [Exhibit No. 1 and No. 2].

67.

Mr. Abel did not conspire with Frederick Heebe or others to silence investigation of wrongdoing or expose the identities of those purportedly investigating him. The Plaintiff did not fraudulently use the Nova Scotia or Mississippi courts to silence investigation, thwart legal protections, and conceal acts of criminal conspiracy and racketeering.

68.

The petitioner Mr. Abel has no nexus with the defendants in the "Concrete Busters" lawsuit and did not conspire with them and others, including Broussard, to abuse the Nova Scotia judicial system or the Mississippi federal court. Their lawsuits were not against public participation on a matter of legitimate public interest.

69.

The allegations have been retracted and dismissed, and someone with internal knowledge of Nova Scotia Enterprises has denied the Mr. Abel involvement in that company to a United States federal judge. However, these defendants including Mr. Truitt and Mr. Handshoe have not retracted this false statements although every other actual media source has.

70.

Three Public Retractions and Disavowals of False Statements

A.   Times Picayune

On January 16, 2010:

The Times-Picayune published an unprecedented retraction with bold face headline, front page, above the fold:

> The Times-Picayune has published a variety of stories in print and online since Jan. 6 about an ethics complaint against former Jefferson Parish President Aaron Broussard claiming that he owns a Nova Scotia vacation lodge that he rented to parish contractors. The newspaper retracts publication identifying Aaron Broussard as having an ownership interest in Trout Point Lodge; asserting Trout Point Lodge was rented to Jefferson Parish contractors; indicating that Roy D'Aquila has any part in Trout Point Lodge ownership or management; indicating that Kempt Wilderness Lodge Services has any ownership or management relationship with Trout Point Lodge; and identifying a photo of the lodge online as "Broussard-lodge.jpg." The Times-Picayune apologizes for publishing this material.

On April 7, 2011, nola.com published another retraction:

> **Retraction-Trout Point Lodge**
>
> In January 2010, The Times-Picayune published several articles that mentioned Trout Point Lodge and its business dealings while discussing Jefferson Parish politics and the scandal in the administration of former Parish President Aaron Broussard. The newspaper retracts publication implying that Trout Point Lodge was involved in the scandal.
>
> The newspaper believes there is no basis for making any implication that Trout Point Lodge, Limited or its owners, Daniel Abel, Vaughn Perret, or Charles Leary, were involved in any wrongdoing and, indeed, never intended to make any such implication. The Metropolitan

Crime Commission complaint to the Louisiana Ethics Board about Broussard's vacation property in Nova Scotia in fact did not name or implicate any of them. The Times-Picayune apologizes for errors in its reporting regarding Trout Point Lodge and its owners.

**B.    Fox8 News** on February 17, 2012, broadcast the following 4 separate times: In January of 2010, Fox 8 News reported a story on whether contractors with Jefferson Parish ever vacationed at former Parish President Aaron Broussard's investment properties in Nova Scotia, Canada. In the story, we showed video of Trout Point Lodge from its web site while reporting that Broussard owned investment properties nearby. Broussard's properties are not part of Trout Point Lodge. Fox 8 News regrets any implication that Trout Point Lodge was associated with a Metropolitan Crime Commission complaint associated with the Broussard scandal [Exhibit O].

71.

History and Confirmation of Handshoe & Slabbed's Practice of Defamation

Thrice Found Guilty of Defamation

Three Courts and three private parties have been brought the facts and each has found Handshoe's statements to be defamatory prior to the filing of this action. Mr. Truitt has funded and conspired with Mr. Handshoe in these matters and is named in an action in Nova Scotia for his involvement as well.

**A.    Nova Scotia Supreme Court Justice Pierre Léon Muise** found that Handshoe has "posted information that is *prima facie* defamatory" [EDLA / 13-cv-88, Rec. d. 21-2, page 28, ll. 15-17 —Attached]. Nova Scotia Supreme Court Justice Muise held that Handshoe's "comments are meant to be defamatory and insulting. I will not reproduce them here. It is the type of expression that engenders harmful results such as discrimination and hatred. It is not the type of free expression that deserved protection and fostering" [EDLA / 13-cv-88, Rec. d. 21-2, page 29, ll. 10-16 —Attached].

**B.    Federal Judge** Louis Guirola, Jr. held that:

The time line is not entirely clear from the record, but it appears that after Plaintiffs demanded the retraction from the Times-Picayune, the "Slabbed" blog was taken offline by the Times-Picayune's corporate parent, Advance Publications. Handshoe, apparently in

reaction to his blog being taken offline, then began an internet campaign to damage Perret and Leary. Handshoe has published numerous entries on "Slabbed" about Plaintiffs, many of which may be characterized as derogatory, mean spirited, sexist and homophobic. Handshoe has continued to use his reporting on "Slabbed" as a platform from which to allege a connection between Broussard's crimes and Trout Point Lodge. Among other things, Handshoe has accused Perret and Leary of being involved in a scheme in which Broussard used a Canadian company to launder money proceeds of illegal activities in Jefferson Parish.

Although Judge Guirola found that the SPEECH Act precluded him from allowing enforcement of Trout Point, Leary, and Perret's Nova Scotia judgment in Mississippi, the court was using a Mississippi definition of defamation, which requires proof of falsity even for statements that are defamatory per se. Louisiana law is distinguishable as falsity is presumed for allegations that are defamatory per se. Judge Guirola also denied Handshoe's motion for an appeal bond, and found that there was no suggestion that the appeal of his decision was frivolous, being a case of first impression.

C.    **Nova Scotia Supreme Court Justice Hood** (Trout Point Lodge Ltd. v. Handshoe, 2012 NSSC 245) found again and again in her decision that Handshoe had defamed Abel's business partners and his business with the same allegations targeted against Abel here. [Exhibit No. 6]. For instance:

[85]    The defendant has persisted in his statements that Trout Point Lodge is somewhat connected to the Jefferson Parish corruption scandal and has benefitted financially from funds illegally obtained.  The defendant knows that the original story linking Mr. Broussard with Trout Point Lodge has been retracted and an apology published. In the face of this, the defamatory comments continued.  Mr. Handshoe has refused to apologize or retract and, in fact, has republished the original statements and says they are true.

[86]    In addition, he has alleged that the business is on the verge of bankruptcy and has received funds in Canada improperly.  All this has been done through the Internet, which has the potential to reach untold numbers of potential guests of Trout Point Lodge  throughout the world. The defamation has gone on now for two years and there is no indication that the defendant intends to stop. The defendant's conduct throughout has been to attempt to destroy

the reputation of the business.

Although this was a default judgment, Nova Scotia law required Justice Hood to make findings based on evidence in order to award aggravated and punitive damages. *Townhouses of Hogg's Hollow Inc. v. Jenkins, 2007 CanLII 6250 (ON SC)* summarizes Canadian law on damages assessment involving a default defamation fact pattern:

[12]    Where words are defamatory, damages are presumed and are awarded at large: *Hill v. Church of Scientology of Toronto*, 1995 CanLII 59 (SCC), [1995] 2 S.C.R. 1130 at para. 164 [*Hill*]. In the case of default libel proceedings, facts going to the extent of damages must be proved by the plaintiff: *Umlauf, supra* at para. 9.

This is not dissimilar to United States law: "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages". *See* United States v. Shipco Gen., 814 F.2d 1011, 1014 (5th Cir. 1987) (citing TWA v. Hughes,449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds,* 409 U.S. 363 (1973).

72.

Mr. Truitt was counsel for Mr. Handshoe at all times when Mr. Handshoe and others defamed and attempted to destroy the reputation of Mr. Abel and his business partners and businesses.

73.

Mr. Truitt not only helped finance and facilitate the actions of slabbed.org and Mr. Handshoe, he conspired with them and joined them in making this happen. All of these actions took place prior to the filing of this lawsuit in this Court.

73

THE LAW AND APPLICATION TO THESE FACTS

Statements made by the defendants including Mr. Truitt about Mr. Abel are defamatory under the Louisiana Civil Code and the attendant jurisprudence as set forth below [Exhibit Nos. 1 & 2, 4, 5, and 6].

74.

Defendants including Mr. Truitt are liable also to petitioner for the following: 1) they made false and defamatory statements against the plaintiff Mr. Abel,  2)  they published those statements, 3) they are at fault for these statements pursuant to *Cangelosi v. Schwegmann Bros. Giant Super*

*Markets*, 390 So.2d 196, and 4) their statements caused petitioner injury and damages as set forth below

### 75.

Their statements and actions including those made by Mr. Truitt constitute defamation pursuant to *Costello v. Hardy*, 864 So.2d 129; *Fitzgerald v. Tucker*, 737 So. 2d 706; *Trentacosta v. Beck*, 703 So.2d 552 at 559 (*citing* RESTATEMENT (SECOND) OF TORTS § 558 (1977); *Sassone v. Elder*, 626 So.2d 345 [Exhibit XXX].

### 76.

Mr. Truitt and his co-defendants made these defamatory statements through their own negligence --- in a reckless disregard for the falsity of the statements and the injuries that would result therefrom [Exhibit Nos. 1, 2, 4, 5, and 6].

### 77.

They made these statements on purpose with the intent to disseminate false allegations against Mr. Abel in an attempt to harm him, subject him to ridicule, and bring about other damages which would reduce his reputation in the legal community and public.

### 78.

The section of the State Constitution governing Freedom of Expression does not protect defamatory statements or allegations, as that section specifically provides that every person is responsible for his abuse of the freedoms therein enumerated. Rather, such persons will be held liable if a finding of fault is made, under Louisiana Constitution Art. 1 § 7.

### 79.

The defendants' misstatements of fact cross the threshold necessary to support this defamation action. The threshold issue in a defamation action is whether the complained of words are defamatory, that is, capable of a defamatory meaning.

### 80.

The defendants named in this suit including but not only attorney Mr. Truitt, have acted in such a manner so as to have crossed that threshold. These statements and allegations specifically defame Mr. Abel in regard to his person and and his reputation in the legal community and public.

81.

Mr. Truitt and the co-defendants' actions encompass all elements necessary to prove the

plaintiffs' cause of action: Fault, causation, and damage, as established by the Louisiana Civil Code

Art. 2315 and by the jurisprudence, specifically in *Wattingly v. Lambert*, 408 So.2d 1126.

82.

The misstatements of facts made by Mr. Truitt and the co-defendants against the plaintiff are

defamatory as they expose the plaintiff to contempt, ridicule, obloquy, because they tend to deprive

him of the benefits of public confidence or injure him in his personal reputation. Defendants'

misstatements of facts contain language, which upon its face has a natural tendency to injure the

reputation of Mr. Abel.

83.

The statements made by Mr. Truitt and the co-defendants are "defamatory per se" as defined

by the Louisiana Supreme Court in *Cangelosi v. Schwegmann Bros. Giant Supermarkets*, 390 So.2d

196 (La. 1980), where it cited *Trahan v. Ritterman*, 368 So.2d 191 (La. App. 1 Cir. 1979). As

defendants' words are "defamatory per se," falsity and malice are presumed, and the defendants bear

all burdens of rebutting that presumption.

84.

The defendants' conduct was a cause-in-fact of the plaintiffs' injuries. But for the defendants'

conduct, the plaintiffs would not have suffered the injuries and damages complained of herein.

85.

Furthermore, the defendants, particularly Mr. Truitt as an attorney, had a legal duty to protect

against the particular risk of damages involved.

86.

Clearly, that duty contained as an element the obligation to make a reasonable investigation

of the information they conveyed to third parties.

87.

The defendants especially Mr. Truitt who is a licensed attorney, breached this duty by

failing to make a reasonable investigation of the information they disseminated to third parties and

published it in the record of these courts, in certain violation of La. C.C.P. arts. 863 and 865.

88.

The information necessary to confirm or deny these claims was within easy reach of the defendants and counsel, defendant Mr. Truitt.

89.

The risk and harm occasioned as a result of their actions was in the scope of protection afforded by the duty which the defendants owed the petitioner Mr. Abel

90.

The risk and harm suffered by the plaintiffs in this case as a direct result of the defendants conduct were within the scope of protection afforded of the defendants' duties to the petitioner. Therefore, defendants are liable to the plaintiffs in this case for the damages suffered by them as a result of their negligent or intentional conduct.

91.

The defendants cannot assert privilege to exculpate them from their duty of liability to the plaintiffs in this action. Their actions do not meet the standard or satisfy the elements necessary to assert Louisianan's "qualified privilege" protection.

92.

Whether the defendants made these statements intentionally or negligently is of no moment in Louisiana. *Cotonio v. Guglelmo*, 176 La. 421 (La. 1933). Defamatory statements can be made intentionally or negligently. Petitioner has pleaded in the alternative that the defendants' acts were either negligent or intentional.

93.

That the defendants have acted with or without actual malice is of no moment. Actual Malice arising from the publication of a false and injurious charge, without probable cause for thinking the charges true, suffices. This imputes it to the publisher of a liable from the act of publication." *Weil v. Israel*, 8 So. 826. The defendants can make no claim of qualified privilege as a result of their actions.

94.

The defendants-in-reconvention are liable *in solido* for their actions according to the law as set forth in Louisiana Revised Statute 13:3415 and the attendant jurisprudence. *Jones v. Davis*, 233 So.2d 310 (La. App. 1970). Their insurers are liable for their actions as well.

Damages

95.

Petitioner Mr. Abel asks for all damages, costs, penalties, and fees such as arise under Louisiana law and are supported by the facts which shall be proved against Mr. Truitt and the co-defendants between now and at trial.

Direct Action Statute

96.

To the extent that defendants actions were a result of their negligence, the homeowners policies of insurance are or may provide coverage and as such are jointly liable for the full amount of all damages inflicted on representative plaintiff or others.

97.

As recently as 21 May 2013, defendant Douglas Handshoe has filed another pleading re-alleging that petitioner and others committed crimes and were involved in money-laundering schemes, such accusations of crimes made within this last week which are again defamatory per se.

98.

Mr. Truitt has filed another action against Mr. Abel in St. Tammany Parish within the last several weeks, the day before the Court heard and denied his motion for change of venue and Mr. Handshoe's art. 971 motion to strike.

99.

Petitioner Daniel G. Abel, amends his original petition and sets forth with exhibits and particularity, defendant Mr. Jack E. Truitt's actions in Civil District Court for the Parish of Orleans involving the fabrication and inclusion of false facts and allegations made in the Concrete Busters amended petition Exhibit No.1 & Exhibit No.2], his financial and personal support of slabbed.org [Exhibit No.3], as well as his conspiracy and complicity with co-defendants Mr. Douglas K. Handshoe and Ms. Anne Marie Vandenweghe and slabbed.org in injuring petitioner Mr. Abel [Exhibit Nos.4,5,6].

100.

Prayer

Petitioner Mr. Abel asks that defendant Mr. Truitt be sited and summoned to answer this lawsuit, and after due process had, judgment be found in favor of Mr. Abel and that be damages,

costs, fees, and penalties, such as are authorized under Louisiana law, where their damages occurred

as proved by the evidence and facts heard and decided upon by a jury of their peers within the Parish

of Orleans, State of Louisiana.

Respectfully submitted,

*DANIEL G ABEL*

s/ Daniel G. Abel

Daniel G. Abel [Bar No. 8348]
2421 Clearview Parkway
Metairie, Louisiana 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815
Email: danielpatrickegan@gmail.com

Certificate of Service

*DANIEL G. ABEL*

/s/ Daniel G. Abel

I have fax filed this pleading and all
exhibits with the Clerk of Court and
served all counsel electronically on
this same day of filing: 15 May 2014.

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO 2013-5029

DIVISION: "I" [14]

DANIEL G. ABEL, INDIVIDUALLY AND
AS REPRESENTATIVE PETITIONER

VERSUS

DOUGLAS K. Mr. Handshoe, Ms. Anne Marie Ms. Vandenweghe,
JACK "BOBBY" Mr. Truitt, PAUL VANCE, SCOTT STERNBERG,
BRODIE GLENN, BALWIN HASPEL BURKE & MEYER, LLC.,

# Exhibit No. 1

Daniel G. Abel
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, Louisiana 70001
504.284.8521/888.577.8815 [F]
Email: danielpatrickegan@gmail.com

4 April 2013

Chief District Judge Louis Guirola, Jr.
United States District Court
Southern District of Mississippi - Gulfport
Dan M. Russell, Jr., United States Courthouse
2012 15th Street, Suite 403
Gulfport, MS 39501

Re: *Trout Point Lodge et. al. v. Doug K. Handshoe* /Case 1:12-cv- 00090-LG-JMR [12/19/12]
    Fabrication of Evidence Used in Proceeding Now Publicly Retracted by Parties

Dear Judge Guirola:

I am an attorney licensed to practice before the Federal Courts and the State Courts of Louisiana. In the interests of full disclosure, I currently have pending a defamation lawsuit in the United States District Court for the Eastern District of Louisiana. The defendants are Doug Handshoe and Slabbed contributor Anne-Marie Vandenweghe, whose attorney is Jack "Bobby" Truitt.

I am writing to report what I believe to be fraud imposed upon this Court in the above-referenced matter in your Court. Although Douglas Handshoe and his attorney Truitt have made earlier false statements about me personally to your Court, this matter is more serious as it involves the fabrication of a state court pleading (subsequently removed to federal court) created and filed solely for the purpose of influencing your opinion in this case. Concrete Busters of Louisiana, Inc. and Waste Remediation of Plaquemines, LLC v. Frederick R. Heebe, et al., No. 2:12cv2596-NJB-KWR (E.D. La.) was amended [Amend Complaint] at the request of these defendants and counsel for the sole purpose providing your Court with what appears to be more allegations of fact probative of the defamatory claims. The judicial machinery itself may have been tainted, and this situation implicates Federal Rule of Civil Procedure 60(d)(3).

"Concrete Busters" appears to have had some influence on your opinion as language from the Amended Complaint pleading and reference to it appears in your judgment and certain of the conclusions in your order & reasons appear to have been arrived at from (false) facts gleaned there. Please note that the attorneys who filed the amended complaint have not admitted that they did no independent research and only came into possession of those facts having been given them by slabbed.org,. As Concrete Busters attorneys now admitting that they had no personal contact with Handshoe, the fabricated facts had to be provided by their attorney Bobby Truitt with whom they did have contact].

Page 1 of 3

Doug Handshoe has repeatedly admitted that he tracks very precisely the IP addresses and attendant identities of those perusing Slabbed. As your Order & Reasons make clear that the district court looked at Slabbed after September 1, 2012, I believe it is a reasonable inference that Handshoe may have known the Court was looking at his blog.

Now the persons and attorneys who prepared and filed the false pleading in the Louisiana courts have retracted those pleadings and have also stated that all information from those pleadings came from Slabbed.org.[See Exhibit A - Letter Retracting All Allegations in Amended Complaint].

As those attorneys only had contact with attorney Bobby Truitt, he appears to be the person behind this fabrication of the Concrete Busters' Amended Complaint for use in your Court. Mr. Truitt's name came up with no prompting from me in my conversations with those attorneys. (In addition, remarkably, the Concrete Buster's suit re-alleges dismissed claims filed by Truitt in Anne-Marie Vandenweghe's federal district lawsuit against Jefferson Parish).

I have attached that retraction which contains very particularly stated facts and admissions. Since Slabbed had put online a copy of this Amended Complaint before or simultaneous to its being filed in Civil District Court for the Parish of Orleans, the purpose of its being filed has become clear.

Even Concrete Busters' attorney cannot contest the fact that the Amended Complaint's allegations about Trout Point Lodge and Cerro Coyote have nothing whatsoever to do with their claims about losing bid for a Jefferson Parish landfill contract.

I believe the evidence, combined with the retraction, leads to the inference that Attorney Jack "Bobby" Truitt and Douglas Handshoe conspired with certain attorneys representing Concrete Busters and Waste Remediation of Plaquemines to file an Amended Complaint to their lawsuit against River Birch, Freddie Heebe, & others, for the purpose of naming companies owned by Vaughn Perret and Charles Leary including Trout Point and Cerro Coyote, and also attacking as fraudulent the SPEECH Act proceeding in your Court. Handshoe also published, at about the same time, the false allegation that I was Aaron Broussard's law partner, a false fact that also appears in Your Honor's Order & Reasons.

The point was to convince Your Honor that they and I [who also have an interest in these companies] were involved in organized crime and had committed a variety of criminal acts, or at the very least that there might be some truth to those allegations. In an even more strange occurrence, the docket of the EDLA was amended to falsely list Aaron Broussard, as well as Trout Point Lodge and Cerro Coyote as defendant parties to that litigation, which was never the case. The docket has, subsequent to your judgment, been corrected.

Contrary to false allegations, I have been a sole practitioner since 2002. I have never been a law partner with Aaron Broussard or lawyer in the same firm. Nor have Aaron Broussard and I ever shared a law office. The Louisiana Bar Association records and those of the Louisiana Secretary of State's records prove these facts, as you have already seen from my affidavit submitted with relation

to Handshoe's appeal bond motion. I have also never been involved in criminal activity or ever accused of such. Well, never been accused of such except by slabbed and its associates.

As a result of my private investigation and presentation of its conclusions to the attorneys for Concrete Busters and having meet with them on several occasions, they have retracted every fact and allegation in the Amended Complaint. Their letter of retraction presented to me further confirms that they had not conducted any investigation of the facts but had obtained everything used in the Amended Complaint from slabbed.org. and had no contact with anyone at slabbed other than slabbed's Attorney Bobby Truitt.

At a minimum, to the extent that there was a complex scheme to influence the Court, I believe this bizarre turn of events requires an investigation or Your Honor's consideration of some action under Rule 60—such that the Judgment be Amended because of this fraud.

While I knew that the crimes alleged against Trout Point, Leary, Perret, and me were false and made in the Amended Complaint for the purpose of influencing this litigation, I waited until the retraction was made before presenting this to Your Honor. I have conducted an extensive investigation of Handshoe and slabbed over the last two years not only for the purpose of, but certainly in compliance with the requirements of FRCP Rule 11.

Respectfully submitted,

DANIEL ABEL

Daniel G. Abel
[LSB No. 8348]