IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

OCT - 1 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| VAUGHN PERRET | ) | |
| CHARLES LEARY | ) | PLAINTIFFS |
| TROUT POINT LODGE, LTD, A Nova | ) | |
| Limited Company | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv241-LG-JCG |
| | ) | |
| DOUGLAS HANDSHOE | ) | DEFENDANT |
| | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR INJUNCTION

I, Douglas Handshoe, make oath and declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am the defendant in this action.

2. Plaintiff Trout Point Lodge, via owner Daniel Abel, has filed a Defamation suit in New Orleans Louisiana styled Abel, individually and as representative petitioner v Handshoe et al, which included all of defendant Handshoe lawyers in the New Orleans Civil District Court lawsuit. This lawsuit duplicates allegations that were previously decided by this Honorable Court in *Trout Point et al v Handshoe 729 F. 3d 481.* The New Orleans Civil District Court suit also duplicates allegations of defamation that Trout Point asserted in Canada that are now the subject of this instant action.

3. The New Orleans Civil District Court Suit was attached as an Exhibit 3 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-3. This is a true and correct copy of the lawsuit Abel, on behalf of Trout Point Lodge filed against Defendant and Defendant's lawyers.

4. The Amended New Orleans Civil District Court Suit was attached as an Exhibit 4 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-4. This is a true and correct copy of the Amended lawsuit Abel, on behalf of Trout Point Lodge filed against Defendant and Defendant's lawyers.

5. The Nova Scotia Amended Statement of Claim at the heart of *Trout Point et al v Handshoe 729 F. 3d 481* is attached as Exhibit 1 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-1. This is a true and correct copy of the lawsuit Trout Point Lodge filed against Defendant with allegations that are now duplicated in the New Orleans Civil District Court lawsuit that Abel, on behalf of Trout Point Lodge, filed against Defendant and Defendant's lawyers.

6. The Nova Scotia Amended Statement of Claim Dated September 30, 2013 that forms the basis for this instant action is attached as Exhibit 2 to the Memorandum of Law in Support of Motion for Injunction and bears ECF Number 20-2. This is a true and correct copy of the lawsuit Trout Point Lodge filed against Defendant with allegations that are now duplicated in the New Orleans Civil District Court lawsuit that Abel, on behalf of Trout Point Lodge, filed against Defendant and Defendant's lawyers.

7. The duplicated allegations between the Canadian Judgment and this instant action include allegations that Defendant Handshoe is somehow responsible for the allegations contained in the "Concrete Busters Amended Racketeering lawsuit", which was drafted, signed and filed by Louisiana Attorney Steve Gele of the Smith Fawer law firm. I have read this lawsuit online and attest that Daniel Abel's name does not appear in the amended complaint a single time. Trout Point Lodge is named in that complaint, which

first appeared on the Slabbed New Media website hours after it was published to the Times Picayune website.

8. Attorney Steve Gele of Smith Fawer leaked this lawsuit to Slabbed New Media simultaneously with leaking it to the Times Picayune.

9. Daniel Abel, in a letter to this Honorable Court dated April 4, 2013, accused Defendant and Defendant's lawyer of perpetrating various frauds upon the Court and included a letter by Attorney Gele that written as part of a litigation settlement between Smith Fawer, Abel and Trout Point Lodge. This letter was made part of the record in *Trout Point et al v Handshoe 729 F. 3d 481.* Attached as Exhibit A to this Affidavit is a copy of the unopposed Motion to the United States Fifth Circuit Court of appeals filed by Trout Point to expand the record of their appeal of their District Court loss to include this matter.

10. I witnessed Attorney Bobby Truitt advise Judge Piper Griffin of the New Orleans Civil District Court on October 11, 2013 that certain allegations in New Orleans Civil District Court lawsuit filed by Attorney Abel had already been decided by the United States Court of Appeals for the Fifth Circuit. Judge Griffin ignored Truitt and Truitt's admonition these matters have been previously decided by the United States District Court for the Southern District of Mississippi and the United States Fifth Circuit Court of Appeals.

11. The New Orleans Civil District Court litigation is a collateral attack on the previous judgments of this Honorable Court. This collateral attack and joining of Defendant's Attorneys in subsequent litigation constitutes the Ill Practice of Law in Louisiana which carries a baseline sanction of disbarment from the practice of law.

12. Attorney Abel, aware of an investigation by the Louisiana Attorney Disciplinary Board into these matters, now approaches the New Orleans Civil District Court in an attempt to accelerate the proceedings there, including the scheduling of a Status Conference to attempt to force Handshoe to answer irrelevant and non sequitur discovery propounded by Abel into matters previously decided by this Honorable Court as well as matters that are currently before the Court in this instant action. A true and correct copy of this Motion for Status Conference is attached as Exhibit B.

13. I verily believe that the New Orleans Civil District Court proceedings have deprived me of several valuable constitutional rights including my right to due process and my rights under the First Amendment of the United States Constitution, including the chilling effects on free speech and journalism in the public interest via the re-litigation of matters previously decided by the United States District Courts.

**Witness my signature, this 1st day of October, 2014.**

_____

Douglas Handshoe, Defendant

Sworn to and subscribed before me this 1st day of October, 2014.

Timothy A. Kellar
Chancery Clerk
By:_____ DC
Notary Public

State of Mississippi, County of Hancock
Personally appeared before me, the undersigned
authority in and for the said county and state,
on this ___ day of ____ 20__ within
my jurisdiction, the within named Douglas Handshoe
who acknowledged that ___ executed the
above and foregoing instrument.

My Commission Expires:_____

My Commission Expires Dec. 31, 2015

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 1, 2014, the foregoing was electronically filed by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

> M. Judith Barnett, Esq.
> 1911 Dunbarton Drive
> Jackson, MS 39216
> Telephone: (601) 981-4450
> Facsimile: (601) 981-4717
> mjbarnettpa@yahoo.com
> *Attorney for Plaintiffs*

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Affidavit in Support of Motion for Injunction to the following via United States Mail:

> Daniel G. Abel
> C/O The Super 8 Motel / Desai Enterprises
> 2421 Clearview Parkway, Room 106
> Metairie, LA 70001

> Judge Piper Griffin
> 421 Loyola Avenue, Room 405
> New Orleans, LA 70112

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Affidavit in Support of Motion for Injunction to the following via Email:

> Anne Marie Vandenweghe-Boudreaux, Esq.
> 15 Colonial Lane
> Harahan, Louisiana 70123
> annemarieboudreaux@gmail.com

> Jack E. Truitt, Esq.
> 149 North New Hampshire St
> Covington, LA 70433
> mail@truittlaw.com

Submitted this 1st day of October, 2014,

_____
Defendant
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(601) 928-5380
earning04@gmail.com