EXHIBIT TO A to Affidavit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## NO: 13-60002

TROUT POINT LODGE, LIMITED, A Nova
Scotia Limited Company; VAUGHN PERRET
and CHARLES LEARY                                                      APPELLANTS

VERSUS

DOUG K. HANDSHOE                                                            APPELLEE

---

## FEDERAL RULE OF APPELLATE PROCEDURE 10(e)(3) MOTION OF APPELLANTS, TROUT POINT LODGE, LIMITED, A NOVA SCOTIA LIMITED COMPANY, VAUGHN PERRET, AND CHARLES LEARY, TO MODIFY THE RECORD

---

COME NOW Appellants, Trout Point Lodge, Limited, a Nova Scotia Limited Liability Company, Vaughn Perret and Charles Leary ("Trout Point, Perret and Leary"), and file this their Motion to Modify the Record pursuant to Federal Rule of Appellate Procedure 10(e)(3) and in support would show that on April 8, 2013 the United States District Court for the Southern District of Mississippi Southern Division from which this appeal was taken filed an April 4, 2013 letter from Daniel G. Abel, Esquire to Chief District Judge Louis Guirola, Jr. in which

{GP013660.1}

1

Mr. Abel says there had been a fraud perpetuated upon the district court. A copy of the letter is attached as Exhibit "A".

Trout Point, Perret, and Leary cannot and do not vouch for the accuracy or inaccuracy of Mr. Abel's fraud charge, however since the charge is so serious, they believe the record on this appeal should be expanded to include Mr. Abel's letter.

The letter claims that the blog known as "Slabbed" operated by Appellee, Doug K. Handshoe" incorrectly reported on the internet that the plaintiffs in the case of *Concrete Busters of Louisiana, Inc. and Waste Remediation of Plaquemines, LLC v. Frederick r. Heebe, Albert J. Ward, Jr., River Birch Incorporated and Hwy 90, LLC*, Civil Action No: 2:12cv2596 NJB-KWR (E.D. La.) ("*Concrete Busters*")[1] alleged Mr. Abel and Trout Point were involved in a fraudulent scheme with former Jefferson Parish, Louisiana, President, Aaron Broussard. In his letter to District Judge Louis Guirola, Mr. Abel says "'Concrete Busters" appears to have had some influence on your opinion as language from the Amended Complaint pleading and reference to it appears in your judgment and

---

[1] See the March 29, 2013 letter from Mr. Gelé (Exhibit "A" to this Motion). He tells the district court that any references to Trout Point, Perret, and Leary will be dismissed. Also see the April 4, 2013 letter from Mr. Abel (Exhibit "A" to this Motion) where he tells the district court that Trout Point, Perret, and Leary "were never parties or intended to be parties… and any listing of them as parties on the docket of the United States District Court for the Eastern District of Louisiana was erroneous." "In an even more strange occurrence, the docket of the EDLA [Eastern District of Louisiana] was amended to falsely list Aaron Broussard, as well as Trout Point…. as defendant parties to that litigation, which was never the case. The docket has, subsequent to your judgment, been corrected."

{GP013660.1}

certain of the conclusions in your order & reasons appear to have been arrived at from (false) facts gleaned there." (Exhibit "A".)

Mr. Abel also claims that "Doug Handshoe has repeatedly admitted that he tracks very precisely the IP addresses and attendant identities of those perusing Slabbed. As your Order & Reasons make clear that the district court looked at Slabbed after September 1, 2012, I believe it is a reasonable inference that Handshoe may have known the Court was looking at his blog." (Exhibit "A".)

Mr. Abel's letter attaches a March 29, 2013 letter from Stephen M. Gelé, Esquire, the attorney for the plaintiff in *Concrete Busters*. Mr. Gelé says that any implication that Trout Point was involved in "criminal activity or racketeering, or that their principals intended to conceal criminal acts, is and was erroneous." In other words, the attorney for the plaintiff in *Concrete Busters* retract the *Concrete Busters* allegation that Trout Point was involved with Aaron Broussard in some sort of criminal enterprise, and places the blame for such allegations on Appellee Handshoe.

While it is true that the Mississippi district court order and opinion (Exhibit "B") granting the summary judgment in favor of Appellee Handshoe referred to the *Concrete Busters* litigation and that Trout Point and Broussard were mentioned in that litigation, Trout Point, Perret, and Leary cannot know if the district court based its ruling in favor of Mr. Handshoe on the *Concrete Busters* false allegations

concerning Trout Point and Aaron Broussard.[2] The district court did not explain why it referenced alleged facts outside of the record the parties were briefing on cross motions for summary judgment. As Trout Point, Perret, and Leary have argued in their principal brief and reply brief, the district court's opinion appears to them to be completely grounded upon the district court's erroneous finding that Trout Point, Perret, and Leary failed to prove falsity in their Nova Scotia defamation action. In fact, as they have already briefed, Trout Point, Perret, and Leary alleged and proved multiple instances of falsity in the Nova Scotia proceeding. Likewise, the Nova Scotia Court found multiple instances of falsity even though not required to do so since it proceeded to a decision against Mr. Handshoe in a default judgment proceeding. However, to the extent that Trout Point, Perret, and Leary are mistaken about the district court's references to the *Concrete Busters* litigation and Mr. Abel being a former law partner of Aaron Broussard being irrelevant to the district court's decision, and the Appellate Court finds otherwise that the district court *did* so rely, Trout Point, Perret, and Leary request that the record on appeal be modified to include Mr. Abel's April 4, 2013 letter which includes the March 29, 2013 letter from Mr. Gelé so that the record

---

[2] The district court erroneously stated that Broussard was a defendant in the *Concrete Busters* litigation. Trout Point, Perret, and Leary believe the district court opinion's now allegedly erroneous references to Aaron Broussard and Mr. Abel once being law partners and Broussard being a defendant in the *Concrete Busters* litigation are irrelevant to the district court's entry of summary judgment. (Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment, R.E. 3, USCA 1548 Note 15.)

{GP013660.1}

reflects the district court relied on alleged facts: (a) which were false; and (b) which were not in the record for Trout Point, Perret, and Leary to address and deny in their briefing before the district court.

Neither the now retracted *Concrete Busters* untrue allegation that Trout Point, Perret and Leary were involved in a criminal enterprise with Aaron Broussard nor the untrue allegation that Danny Abel, Esquire and Aaron Broussard were law partners were in the record before the district court as it decided to enter summary judgment in favor of Mr. Handshoe and against Trout Point, Perret, and Leary. After the district court entered summary judgment in favor of Mr. Handshoe on December 19, 2012 [District Court Docket No. 35], and after Trout Point, Perret, and Leary noticed their appeal to this Court on December 26, 2012 [District Court Docket No. 35], Trout Point, Perret, and Leary replied to Handshoe's Motion to Require Cost Bond for Appeal [District Court Docket No: 38] and told the district court both those allegations in the opinion supporting Handshoe's summary judgment were false. [Response of Trout Point, Perret and Vaughn's to Motion to Require Cost Bond for Appeal Filed by Plaintiff, District Court Docket No: 43.] These points are therefore not in the record on this appeal.

Accordingly, Trout Point, Perret, and Leary move the Court to modify the record on appeal to include the two letters attached to this motion as Exhibit "A" in the event the Court on appeal decides it should analyze the district court's entry of

summary judgment in light of Mr. Abel's claims the district court was improperly influenced.

Respectfully submitted, this the 24th day of April, 2013.

                                          Trout Point Lodge, Limited, Vaughn Perret and Charles Leary

                                    By:   s/ Henry Laird
                                                  Henry Laird,
                                                  Mississippi Bar No. 1774

Henry Laird (MSB No. 1774)
Email: hlaird@joneswalker.com
JONES WALKER
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS 39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516

## 5th Cir. R. 27.4 Certificate

I hereby certify that I have contacted Jack E. Truitt, counsel for Appellee, Doug K. Handshoe, who advises he opposes this Federal Rule of Appellate Procedure 10(e)(3) Motion to Modify the Record.

This the 24th day of April, 2013.

s/ Henry Laird<br>
Henry Laird

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Modify the Record has been filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit via the court's CM/ECF filing system which sent notification of same to the following:

<u>Counsel for Appellee</u>

G. Gerald Cruthird, Esquire
Post Office Box 1050
Picayune, Mississippi 39466
Email: <u>ggeraldc@bellsouth.net</u>

Jack E. Truitt, Esquire
The Truitt Law Firm, LLC
149 North New Hampshire Street
Covington, LA 70433
Email: <u>mail@truittlaw.com</u>

This the 24th day of April, 2013.

<u>s/ Henry Laird</u>
Henry Laird

{GP013660.1}