IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VAUGHAN PERRET; CHARLES LEARY;
TROUT POINT LODGE, LTD.                                              PLAINTIFFS

v.                                                       CAUSE NO. 1:14CV241-LG-JCG

DOUGLAS HANDSHOE                                                      DEFENDANT

ORDER GRANTING MOTION TO REMAND

BEFORE THE COURT is Plaintiffs' [11] Motion to Remand. Plaintiffs have filed a Petition in the Circuit Court of Hancock County, Mississippi, to Enroll a Canadian judgment for copyright infringement reflected by an Order of the Supreme Court of Nova Scotia. Having considered the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be granted. Defendant, as the removing party, has not demonstrated that removal is proper under the Securing the Protection of our Enduring and Established Constitutional Heritage (SPEECH) Act enacted by Congress in 2010. In addition, the Court denies Plaintiffs' request for an award of costs and fees under 28 U.S.C. § 1447(c).

BACKGROUND

Plaintiffs filed a Petition to Enroll Foreign Judgment in the Circuit Court of Hancock County, Mississippi, on June 2, 2014. (Pet., ECF No. 1-2). The judgment at issue is a Canadian judgment reflected by an Order of the Supreme Court of Nova Scotia, which Plaintiffs attached to and incorporated by reference in the state court petition. The Order is certified as a true and correct copy "of the Order regarding damages for copyright infringement of Supreme Court Justice Kevin

Coady . . . ." (Pet. 6, ECF No. 1-2).  In the Order, Justice Coady states that damages are being awarded because the court is "satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs [*sic*] copyright in photographic images throughout 2012 and 2013." (*Id.* at 7).

Defendant removed the state court action to this Court on June 11, 2014.  He argues that Plaintiffs are actually trying to enforce a foreign defamation judgment, and, thus, this Court has jurisdiction over Plaintiffs' action pursuant to the SPEECH Act.  Plaintiffs filed a Motion to Remand on the ground that they are not seeking to enforce a foreign judgment for defamation, but, rather, for a damages award and judgment for copyright infringement.  They also claim that they are entitled to an award of their costs and fees pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

**Whether Removal Was Proper**

In cases removed from state court, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "To determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal[,]" *id.*, and is required to resolve "[a]ny doubt as to the propriety of removal . . . in favor of remand." *In re Hot Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Defendant argues that removal is proper pursuant to 28 U.S.C. § 4103 of the

SPEECH Act, which states:

> In addition to removal allowed under section 1141, any action brought in a State domestic court to enforce a foreign judgment for defamation in which–
>
> (1) any plaintiff is a citizen of a State different from any defendant;
>
> (2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (3) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state,
>
> may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

Defendant does not allege any basis for removal other than the SPEECH Act.

Plaintiffs argue that they are not seeking to enforce a foreign judgment for defamation but for copyright infringement. The Court agrees. Based on the clear and explicit language of the Canadian court Order incorporated by reference into the state court petition, the underlying judgment is for copyright infringement. However, the question remains whether this foreign judgment for copyright infringement falls within the purview of the SPEECH Act. If so, then removal was proper. If not, the case must be remanded.

The SPEECH Act defines "defamation" as "any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any persons in a false light, or have resulted in criticism, dishonor, or condemnation of

3

any person." 28 U.S.C. § 4101.  As recognized by the Fifth Circuit in a SPEECH Act case between these parties previously adjudicated by both that Court and this one, "[t]he task of statutory interpretation begins and, if possible, ends with the language of the statute." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013).  "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

Copyright infringement is not included in the language of the SPEECH Act, which specifically includes defamation, libel, and slander in its definition of defamation.[1]  Furthermore, the Court finds that the judgment sought to be enforced – which concerns the publication of photographs that Plaintiffs claimed to be copyright-protected – is not a judgment for a "similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any persons in a false light, or have resulted in criticism, dishonor, or condemnation of any person." 28 U.S.C. § 4101.  Indeed, unlike the judgment at issue in the claim previously before the Fifth Circuit and this Court, the judgment at issue here does not involve allegations of false or damaging forms of speech at all. *See generally Trout Point Lodge*, 729 F.3d 481.  Instead, the judgment concerns purported property rights in photographic images.  *See, e.g., Axcess Broad. Servs., Inc. v. Donnini Films*, No. 3:04-cv-2639, 2006 WL 1115430, at 3 n.1 (N.D. Tex. Aug.

---

[1] Nor is copyright infringement discussed in the legislative history of the statute.

4

26, 2006) ("A copyright is a property right . . . .").

Defendant claims that the Canadian court bifurcated the Canadian case into multiple component judgments in an effort to circumvent the SPEECH Act. Defendant's mere argument is insufficient to meet his burden to show that removal was proper. *See Simons v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) ("'Removal . . . cannot be based simply upon conclusory . . . allegations.'") (citation omitted). Nonetheless, Plaintiffs are not seeking to enforce any defamation component judgment, but only the copyright infringement component judgment. There is no indication that the judgment sought to be enforced encompasses any monetary damages awarded for defamation, and, thus, no basis for removal under the SPEECH Act.

Defendant's statement that the final opinion of the Canadian court and Plaintiffs' filings in that court "indicate[] a vastly differing fact pattern where defamation is the primary tort alleged[,]" (Def's. Mem. 2, ECF No. 13), does not persuade the Court that removal is proper, either. This Court was not provided a copy of the final opinion of the Canadian court, only the judgment. And, while the filings attached to Defendant's Memorandum do include defamation allegations, again, the actual judgment sought to be enforced is not for defamation.

Finally, the Court is mindful that Defendant claims that the Canadian court lacked jurisdiction over him and that the judgment is unenforceable as contrary to the Constitution and laws of the United States. However, "the SPEECH Act does not pertain to all foreign judgments allegedly inconsistent with any part of the

5

[Constitution] but focuses uniquely on defamation actions . . . ." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1004 n.22 (9th Cir. 2013).  It will be for the Mississippi state court to decide whether the Canadian court had jurisdiction and whether its judgment is valid and enforceable in the United States in accordance with the principle of comity.  *See Laskosky v. Laskosky*, 504 So. 2d 726, 729 (Miss. 1987) ("Enforcement of foreign nation judgments in [Mississippi courts] is governed by the principle of comity.  The principle of comity is similar to full faith and credit except that it is not governed by Federal statutes and that its application rests in the discretion of the trial judge."); *see also Miss. Dep't of Human Servs. v. Shelnut*, 772 So. 2d 1041, 1045 (Miss. 2000) ("[T]he ability of a court to give effect to a foreign judgment necessarily depends upon the judgment being valid in the first place.").

**Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447.  The Court may order an award of costs and fees "when the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (citation and quotation marks omitted).  Whether to award costs and fees is discretionary with the Court; there is no automatic entitlement to such an award.  *See id.*  Given the scarcity of case law discussing removal under the 2010 SPEECH Act, including what qualifies as a removable judgment for defamation under the Act, the Court cannot say that

Defendant lacked an objectively reasonable basis for removal. Accordingly, the Court declines to exercise its discretion to award Plaintiffs' requested costs and fees.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Motion to Remand is **GRANTED**. The above styled and numbered cause should be and is hereby **REMANDED TO THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' request for an award of their costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE